RECEIPT # 65662
AMOUNT $ 250
SUMMONS ISSUED Y-2
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK. _____
DATE 7-19-05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KENNETH KEMP, )
On behalf of himself and all others )
similarly situated, and )
VIRGINIA KEMP, )
    Plaintiffs )
)
v. ) Civil No.
)
GANICK, O'BRIEN & SARIN, Attorneys at Law, )
LAWRENCE E. O'BRIEN, JR., d/b/a )
GANICK, O'BRIEN & SARIN, Attorneys at Law, )
And DOES 1-5, )
    Defendants )

**05 11516 GAO**

MAGISTRATE JUDGE _____

### COMPLAINT AND JURY CLAIM

#### Introduction

Plaintiffs bring this action to obtain redress for defendants' multiple violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a *et seq.*

#### Parties

1. Plaintiffs Kenneth Kemp and Christine Kemp are individuals, husband and wife, who at all times relevant to this complaint have resided in Billerica, Middlesex County, Massachusetts.

2. Defendant Ganick, O'Brien & Sarin ("GOS") is a law firm which maintains a principal place of business in Dorchester, Massachusetts. GOS is engaged in the business of collecting debts in Massachusetts.

3. Defendant Lawrence E. O'Brien, Jr. ("O'Brien") is an individual who, on information and belief, resides in Quincy, Massachusetts. On information and belief, at all times relevant to this complaint O'Brien has been the owner of GOS.

4. The "Doe" defendants 1 – 5 are heretofore unidentified entities and/or employees, officers, owners, and/or agents of GOS who are or may be liable to plaintiffs for the conduct alleged herein.

### Facts

5. GOS and O'Brien are "debt collectors" within the scope of 15 U.S.C. §1692a(6) in that they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

6. On or about July 23, 2004, GOS filed suit in Middlesex Superior Court against Kenneth and Christine Kemp on behalf of a creditor known as Performance Capital management, Inc. ("PCM"). A true copy of the complaint is appended hereto as Exhibit A.

7. The complaint demanded judgment against Kenneth Kemp on a credit card account allegedly owed to PCM in the amount of $18,360.96. The complaint further demanded judgment against Christine Kemp in the amount of $18,038.38 even though she had not signed or was otherwise contractually obligated on said account.

8. The complaint misrepresented the amount of the debt and/or included collection costs, including attorney's fees, in the balance due without indicating same.

9. The complaint alleged that Kenneth Kemp had transferred certain real estate located at 9 Elizabeth Road, Billerica, to Christine Kemp while he was insolvent and without receiving a reasonable value in exchange. It further alleged that the transfer was fraudulent under Massachusetts law.

10. At the time of filing the complaint, neither GOS nor O'Brien had a reasonable or good faith basis for the allegations against Kenneth Kemp with respect to his transfer of the property.

11. The allegations against Kenneth Kemp with respect to his transfer of the property were made in order to unfairly coerce payment on the PCM account by threatening action against the property and by making Christine Kemp a defendant in the lawsuit.

## COUNT I

### (Unlawful Aggregation of Collection Costs/Attorney's Fees)

12. The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

13. The monetary demand for relief against the Kemps as set forth in the complaint included collection costs and/or attorney's fees in the balances allegedly due, without specifying or otherwise indicating that such amounts were so included.

14. Defendant's conduct violated 15 U.S.C. §1692e(2)(A), which declares it unlawful for a debt collector to falsely represent "the character, amount, or legal status of any debt."

WHEREFORE, plaintiffs prays that this Honorable Court enter judgment against defendants, jointly and severally:

A. awarding each plaintiff statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A);

B. awarding costs of suit, and reasonable attorney's fees;

C. awarding such further relief as shall be just and proper.

## COUNT II

### (Unfair/Unconscionable Means of Attempting to Collect Debt)

15. The allegations of paragraphs 1 – 11, above, are incorporated herein as if fully set forth.

16. Defendants' conduct in asserting a baseless fraudulent transfer claim against Kenneth

Kemp in the Middlesex Superior Court lawsuit, and suing Christine Kemp for the alleged debt without any foundation therefore, constituted unfair and/or unconscionable means to attempt to collect a debt in violation of 15 U.S.C. §1692f.

17. As a direct and proximate result of said unlawful conduct by defendants, plaintiffs suffered severe emotional distress and mental anguish, and monetary loss.

    WHEREFORE, plaintiffs prays that this Honorable Court enter judgment against defendants, jointly and severally:

    A. awarding plaintiffs their actual damages;

    B. awarding each plaintiff statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A);

    C. awarding costs of suit, and reasonable attorney's fees;

    D. awarding such further relief as shall be just and proper.

## COUNT III

**(Harassment, Oppression and Abuse in Connection with Debt Collection)**

18. The allegations of paragraphs 1 – 17, above, are incorporated herein as if fully set forth.

19. Defendants' conduct in asserting a baseless fraudulent transfer claim against Kenneth Kemp in the Middlesex Superior Court lawsuit, and suing Christine Kemp for the alleged debt without foundation therefore, constituted conduct the natural consequence of which was to harass, oppress, or abuse plaintiffs in connection with the collection of the alleged debt, in violation of 15 U.S.C. §1692d.

20. As a direct and proximate result of said unlawful conduct by defendants, plaintiffs suffered severe emotional distress and mental anguish, and monetary loss.

    WHEREFORE, plaintiffs prays that this Honorable Court enter judgment against defendants, jointly and severally:

    A. awarding plaintiffs their actual damages;

    B. awarding each plaintiff statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A);

    C. awarding costs of suit, and reasonable attorney's fees;

    D. awarding such further relief as shall be just and proper.

## COUNT IV

### (False and Deceptive Conduct in Connection with Debt Collection)

21. The allegations of paragraphs 1 – 20, above, are incorporated herein as if fully set forth.

22. Defendants' conduct in asserting a baseless fraudulent transfer claim against Kenneth Kemp in the Middlesex Superior Court lawsuit, and suing Christine Kemp for the alleged debt without any foundation therefore, constituted the use of false and deceptive means in connection with defendants' collection of the alleged debt, in violation of 15 U.S.C. §1692e.

23. As a direct and proximate result of said unlawful conduct by defendants, plaintiffs suffered severe emotional distress and mental anguish, and monetary loss.

    WHEREFORE, plaintiffs prays that this Honorable Court enter judgment against defendants, jointly and severally:

    A. awarding plaintiffs their actual damages;

    B. awarding plaintiffs statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A);

    C. awarding plaintiffs interest, costs of suit, and reasonable attorney's fees; and

    D. awarding such further relief as shall be just and proper.

### Jury Demand

Plaintiffs claim trial by jury on all claims and issues.

Respectfully submitted:
Plaintiffs

By their attorney:

_____
Kenneth D. Quat
BBO 408640
Law Office of Kenneth D. Quat
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                          SUPERIOR COURT DEPARTMENT
                                        CIVIL ACTION NO.

                                                              04-2946

PERFORMANCE CAPITAL MANAGEMENT,     )
ASSIGNEE IN INTEREST FOR CHASE      )
MANHATTAN BANK                      )
        Plaintiff                   )
                                    )
VS.                                 )    COMPLAINT
                                    )
KENNETH KEMP AND                    )
CHRISTINE M. KEMP                   )
        Defendant                   )



1.  The Plaintiff, Performance Capital Management, Inc, Assignees in Interest for Chase Manhattan Bank, is a duly organized corporation with its usual place of business at Anaheim, Orange County, California.

2.  The Defendant, Kenneth Kemp, is an individual presently residing at 9 Elizabeth Road, Billerica, Middlesex County, Massachusetts 01821.

3.  The Defendant, Christine M. Kemp, is an individual presently residing at 9 Elizabeth Road, Billerica, Middlesex County, Massachusetts 01821.

### COUNT I
### Monies Loaned

4.  The Defendant, Kenneth Kemp, owes the Plaintiff the sum of $18,360.96 for balance due for monies loaned, together with interest thereon from November 17, 2003, on or before which date demand for payment was made.

    WHEREFORE, Plaintiff demands judgment against the Defendant, Kenneth Kemp, in the sum of $18,360.96.

### COUNT II
### Fraudulent Transfer

5.  The Plaintiff hereby incorporates paragraphs 1 through 4.

6.  On or before September 25, 2003, the Defendant Kenneth Kemp, executed a deed which was recorded at the Middlesex County Registry of Deeds on October 30, 2003.

7. Pursuant to the above referenced deed, the Defendant, Kenneth Kemp, transferred his interest in the real estate located at 9 Elizabeth Road, Billerica, Massachusetts to the Defendant Christine M. Kemp in return for consideration of $1.00. See Exhibit 1 attached.

8. At the time of the transfer, the Defendant, Kenneth Kemp, was insolvent as defined by the Massachusetts General Law, Chapter 109, Section 3.

9. The transfer was made without the Defendant, Kenneth Kemp, receiving a reasonable value in exchange for the real estate transferred.

10. The transfer constitutes a fraudulent transfer pursuant to Massachusetts General Law, Chapter 109, Section 5 and Section 6(a).

WHEREFORE, Plaintiff demands judgment against the Defendant Christine M. Kemp in the amount of $18,038.88 and requests the Court find the transfer of the real estate to be void.

Plaintiff,
By Its Attorney
GANICK, O'BRIEN & SARIN

By: _____
David A. Book, Esq.
BBO#: 63601
161 Granite Avenue
Dorchester, MA 02124
(617) 288-4050

Dated: July 8, 2004

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Kenneth Kemp, Christine Kemp

**DEFENDANTS** Ganick, O'Brien + Sarin, Lawrence E. O'Brien, Jr.

**(b)** County of Residence of First Listed Plaintiff: Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Suffolk
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number): Kenneth D. Quat, 9 Damonmill Sq, Ste 4A-4, Concord MA 01742  978-369-0848

Attorneys (If Known): 05 11516 GAO

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 15 USC 1692k
Brief description of cause: Violations of Fair Debt Collection Practices Act (FDCPA)

**VII. REQUESTED IN COMPLAINT:** ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ (no spec. amt.)   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): None known.   JUDGE _____   DOCKET NUMBER _____

DATE 7/19/05   SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _Kenneth Kemp  v. barish, O'Brien + Savin_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐   I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    ☒   II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

    ☐   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ☐   IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ☐   V.    150, 152, 153.

**05 11516 GAO**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
    _None known_

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES ☐    NO ☒
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES ☒    NO ☐

    A.  If yes, in which division do all of the non-governmental parties reside?
        Eastern Division ☒    Central Division ☐    Western Division ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   _Kenneth D. Quat_
ADDRESS   _9 Damonmill Sq, Suite 4A-4, Concord MA 01742_
TELEPHONE NO.   _978-369-0848_

(CategoryForm.wpd - 5/2/05)