UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KENNETH KEMP,                                          )
On behalf of himself and all others                    )
similarly situated, and                                )
VIRGINIA KEMP,                                         )
        Plaintiffs                              )
                                                )
v.                                                     )   Civil No. 05-11516-GAO
                                                )
GANICK, O'BRIEN & SARIN, Attorneys at Law,             )
LAWRENCE E. O'BRIEN, JR., d/b/a                        )
GANICK, O'BRIEN & SARIN, Attorneys at Law,             )
And DOES 1-5,                                          )
        Defendants                              )

## FIRST AMENDED COMPLAINT AND JURY CLAIM

### Introduction

Plaintiffs bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692a *et seq.* ("FDCPA"), and Massachusetts General Laws Chapter 93A, section 2 ("G.L. c. 93A") to obtain redress for defendants' multiple violations of law in the course of attempting to collect an alleged consumer debt. Plaintiffs assert both individual and class action claims for relief.

### Parties

1. Plaintiffs Kenneth Kemp and Christine Kemp are individuals, husband and wife, who at all times relevant to this complaint have resided in Billerica, Middlesex County, Massachusetts.

2. Defendant Ganick, O'Brien & Sarin ("GOS") is a law firm which maintains a principal place of business in Dorchester, Massachusetts. GOS is engaged in the business of collecting debts in Massachusetts.

3. Defendant Lawrence E. O'Brien, Jr. ("O'Brien") is an individual who, on information and belief, resides in Quincy, Massachusetts. On information and belief, at all times relevant to this complaint O'Brien has been the owner of GOS.

4. The "Doe" defendants 1 – 5 are heretofore unidentified entities and/or employees, officers, owners, and/or agents of GOS who are or may be liable to plaintiffs for the conduct alleged herein.

**Facts**

5. GOS and O'Brien are "debt collectors" within the scope of 15 U.S.C. §1692a(6) in that they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. They are also "creditors" within the meaning of 940 C.M.R. 7.03 because they acted as agents and attorneys for a creditor in connection with the alleged debt which gave rise to the events described herein.

6. At all times relevant to this complaint, defendants were engaged in trade or commerce within the meaning of G.L. c. 93A, section 2.

7. On or about July 23, 2004, GOS filed suit in Middlesex Superior Court against Kenneth and Christine Kemp on behalf of a creditor known as Performance Capital management, Inc. ("PCM"). A true copy of the complaint is appended hereto as Exhibit A.

8. The Superior Court complaint demanded judgment against Kenneth Kemp on a credit card account allegedly owed to PCM in the amount of $18,360.96. It further demanded

judgment against Christine Kemp in the amount of $18,038.38 even though she had not signed or was otherwise contractually obligated on said account.

9. The complaint misrepresented the amount of the debt and/or included collection costs, including attorney's fees, in the balance due without identifying or otherwise indicating same.

10. The Superior Court complaint alleged that Kenneth Kemp had transferred certain real estate located at 9 Elizabeth Road, Billerica, to Christine Kemp while he was insolvent and without receiving a reasonable value in exchange. It further alleged that the transfer was fraudulent under Massachusetts law.

11. At the time of filing the Superior Court complaint, neither GOS nor O'Brien had a reasonable or good faith basis for the allegations against Kenneth Kemp with respect to his transfer of the property.

12. The allegations against Kenneth Kemp with respect to his transfer of the property were made in order to unfairly coerce payment on the PCM account by threatening action against the property and by making Christine Kemp a defendant in the lawsuit.

## Individual Claims

### COUNT I

**(Unlawful Aggregation of Collection Costs/Attorney's Fees in Complaint - FDCPA)**

13. The allegations of paragraphs 1 – 12 are incorporated herein as if fully set forth.

14. The monetary demand for relief against the Kemps as set forth in the Superior Court complaint included collection costs and/or attorney's fees in the balances allegedly due, without identifying or otherwise indicating that such amounts were so included.

15. Defendants' conduct violated 15 U.S.C. §1692e(2)(A), which declares it unlawful for a debt collector to falsely represent "the character, amount, or legal status of any debt."

WHEREFORE, plaintiffs prays that this Honorable Court enter judgment against defendants, jointly and severally:

A. awarding each plaintiff statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A);

B. awarding costs of suit, and reasonable attorney's fees;

C. awarding such further relief as shall be just and proper.

## COUNT II

**(Unlawful Aggregation of Collection Costs/Attorney's Fees in Complaint – G.L. c. 93A)**

16. The allegations of paragraphs 1 – 15, above, are incorporated herein as if fully set forth.

17. Defendants' misrepresentation of "the character, extent or amount of the debt" constituted an unfair and/or deceptive act or practice in violation of G.L. c. 93A, section 2.

18. Defendants' misconduct was willful and knowing in nature.

19. On July 26, 2005, plaintiffs sent to each defendant via certified mail, return receipt requested, a demand for relief pursuant to G.L. c. 93A, section 9, which reasonably described the unlawful acts set forth herein. Said letters were received by defendants on July 27, 2005.

20. Neither defendant made a reasonable written tender of settlement within the thirty (30) day period specified by G.L. c. 93A, section 9.

21. Defendants' failure to make a reasonable written tender of settlement within 30 days of receipt of plaintiffs' demand was in bad faith with knowledge or reason to know that the acts and practices complained of violated G.L. c. 93A, section 2.

WHEREFORE, plaintiffs prays that this Honorable Court enter judgment against defendants, jointly and severally:

A. awarding them their actual damages or $25.00, whichever is greater;

B. awarding them double or treble damages;

    C.  awarding interest, costs of suit, and reasonable attorney's fees;

    D.  awarding such further relief as shall be just and proper.

## COUNT III

### (Unfair/Unconscionable Means of Attempting to Collect Debt - FDCPA)

22. The allegations of paragraphs 1 – 12, above, are incorporated herein as if fully set forth.

23. Defendants' assertion in the Superior Court complaint of a baseless fraudulent transfer claim against Kenneth Kemp and a baseless claim on the alleged debt against Christine Kemp constituted unfair and/or unconscionable means to attempt to collect a debt in violation of 15 U.S.C. §1692f.

24. As a direct and proximate result of said unlawful conduct by defendants, plaintiffs suffered severe emotional distress and mental anguish, and monetary loss.

    WHEREFORE, plaintiffs prays that this Honorable Court enter judgment against defendants, jointly and severally:

    A.  awarding plaintiffs their actual damages;

    B.  awarding each plaintiff statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A);

    C.  awarding interest, costs of suit, and reasonable attorney's fees;

    D.  awarding such further relief as shall be just and proper.

## COUNT IV

### (Harassment, Oppression and Abuse in Connection with Debt Collection - FDCPA)

25. The allegations of paragraphs 1 – 24, above, are incorporated herein as if fully set forth.

26. Defendants' assertion in the Superior Court complaint of a baseless fraudulent transfer claim against Kenneth Kemp and a baseless claim on the alleged debt against Christine Kemp constituted conduct the natural consequence of which was to harass, oppress, or abuse

plaintiffs in connection with the collection of the alleged debt, in violation of 15 U.S.C. §1692d.

27. As a direct and proximate result of said unlawful conduct by defendants, plaintiffs suffered severe emotional distress and mental anguish, and monetary loss.

> WHEREFORE, plaintiffs prays that this Honorable Court enter judgment against defendants, jointly and severally:
>
> A.  awarding plaintiffs their actual damages;
>
> B.  awarding each plaintiff statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A);
>
> C.  awarding interest, costs of suit, and reasonable attorney's fees;
>
> D.  awarding such further relief as shall be just and proper.

### COUNT V

### (False and Deceptive Conduct in Connection with Debt Collection - FDCPA)

28. The allegations of paragraphs 1 – 27, above, are incorporated herein as if fully set forth.

29. Defendants' assertion in the Superior Court complaint of a baseless fraudulent transfer claim against Kenneth Kemp and a baseless claim on the alleged debt against Christine Kemp constituted the use of false and deceptive means in connection with defendants' collection of the alleged debt, in violation of 15 U.S.C. §1692e.

30. As a direct and proximate result of said unlawful conduct by defendants, plaintiffs suffered severe emotional distress and mental anguish, and monetary loss.

> WHEREFORE, plaintiffs prays that this Honorable Court enter judgment against defendants, jointly and severally:
>
> A.  awarding plaintiffs their actual damages;
>
> B.  awarding plaintiffs statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A);

    C. awarding plaintiffs interest, costs of suit, and reasonable attorney's fees; and

    D. awarding such further relief as shall be just and proper.

## COUNT VI

### (Unlawful Means of Attempting to Collect Debt – G.L. c. 93A)

31. The allegations of paragraphs 1 – 12 and 23 - 30, above, are incorporated herein as if fully set forth.

32. Defendants' assertion in the Superior Court complaint of a baseless fraudulent transfer claim against Kenneth Kemp and a baseless claim on the alleged debt against Christine Kemp constituted attempts to collect a consumer debt in an unfair, deceptive, and/or unreasonable manner in violation of FDCPA and G.L. c. 93, section 49.

33. Defendants' aforesaid misconduct was unfair and/or deceptive in violation of G.L. c. 93A, section 2.

34. Defendants' misconduct was willful and knowing in nature.

35. As direct and proximate results of said unlawful conduct by defendants, plaintiffs suffered severe emotional distress and mental anguish, and monetary loss.

36. On July 26, 2005, plaintiffs sent to each defendant via certified mail, return receipt requested, a demand for relief pursuant to G.L. c. 93A, section 9, which reasonably described the unlawful acts set forth herein. Said letters were received by defendants on July 27, 2005.

37. Neither defendant made a reasonable written tender of settlement within the thirty (30) day period specified by G.L. c. 93A, section 9.

38. Defendants' failure to make a reasonable written tender of settlement within 30 days of receipt of plaintiffs' demand was in bad faith with knowledge or reason to know that the acts and practices complained of violated G.L. c. 93A, section 2.

WHEREFORE, plaintiffs pray that this Honorable Court enter judgment against defendants, jointly and severally:

A.  awarding them their actual damages or $25.00, whichever is greater;

B.  awarding them double or treble damages;

C.  awarding interest, costs of suit, and reasonable attorney's fees;

D.  awarding such further relief as shall be just and proper.

### Class Action Claims

### COUNT VII

### (Misrepresentation of Debt - G.L. c. 93A)

39. The allegations of paragraphs 1 – 12, above, are incorporated herein as if fully set forth.

40. Defendants sent Kenneth Kemp a letter which demanded payment of the debt allegedly owed to PCM. According to a second letter sent by defendants to plaintiff's counsel, this demand letter was mailed on November 17, 2003, and stated a total balance due of $18,481.83. True copies of the type of letter sent to Kenneth Kemp and the second explanatory letter are appended hereto as Exhibits B and C, respectively.

41. The amount demanded by defendants in the November 17, 2003 letter included unspecified and unidentified sums for collection costs and/or attorney's fees, and as such the letter misrepresented the character, extent, or amount of the alleged debt.

42. Such a misrepresentation is made unlawful by 15 U.S.C. 1692e(2)(A) and hence is a violation of G.L. c. 93A, section 2.

43. Such misrepresentation was knowingly made and thus violated 940 C.M.R. 7.07(2) and G.L. c. 93A, section 2.

44. Defendants' misconduct as set forth herein was willful and knowing in nature.

8

45. On July 26, 2005, plaintiffs sent to each defendant via certified mail, return receipt requested, a demand for relief pursuant to G.L. c. 93A, section 9, which reasonably described the unlawful acts set forth herein. Said letters were received by defendants on July 27, 2005.

46. Neither defendant made a reasonable written tender of settlement within the thirty (30) day period specified by G.L. c. 93A, section 9.

47. Defendants' failure to make a reasonable written tender of settlement within 30 days of receipt of plaintiffs' demand was in bad faith with knowledge or reason to know that the acts and practices complained of violated G.L. c. 93A, section 2.

## Class Allegations

48. Plaintiff Kenneth Kemp brings this count of the complaint on behalf of himself and a class of persons similarly situated. Class members are all Massachusetts residents who were sent any dunning letter by defendants on a consumer debt within four (4) years of the filing of this action, which letter was not returned to sender and which aggregated unspecified collection costs and/or attorney's fees in the balance due. Excluded from the class are current and former employees, agents, officers, and directors of defendants. On information and belief, defendants have a substantial consumer debt collection practice based in Massachusetts in which they employ standard billing and collection practices. Accordingly, the class is sufficiently numerous such that joinder is impracticable.

49. There are questions of law and fact common to the class, which questions predominate over any individual questions. The primary common question is whether the practice complained of is unfair and/or deceptive in violation of G.L. c. 93A, section 2.

Case 1:05-cv-11516-GAO  Document 2  Filed 08/30/2005  Page 10 of 13

50. Plaintiff is similarly situated to all class members, and his claim is typical of that of class members. Plaintiff was subjected to the same misconduct, and suffered the same harm, as all members.

51. Plaintiff will fairly and adequately represent and pursue the interests of class members. Plaintiff understands the nature of the claim, has no disqualifying conditions, and will vigorously represent the interests of the class. Plaintiff has selected counsel with substantial experience in consumer and class action litigation.

52. A class action is superior to other methods for the fair and efficient adjudication of this controversy, and there are no unusual or extraordinary factors which would render it unmanageable.

> WHEREFORE, plaintiff Kenneth Kemp prays that this Honorable Court enter judgment against defendants, jointly and severally:
>
> A. enjoining them from unlawfully aggregating collection costs and/or attorneys fees in the balances set forth in dunning letters to consumer debtors;
>
> B. awarding plaintiff and class members $25.00 for each violation of G.L. c. 93A, section 2;
>
> C. awarding interest, costs of suit, and reasonable attorney's fees;
>
> D. awarding such further relief as shall be just and proper.

## COUNT VIII

**(Unlawful Language as to Availability of Pre-Judgment Wage Attachment – G.L. c. 93A)**

53. The allegations of paragraphs 1 – 12 and 40 are incorporated herein as if fully set forth.

54. The November 17, 2003 letter (Exhibit B) contained the following language:

> Therefore, unless we hear from you within 30 days of the date of
10

>this letter, or you make satisfactory arrangements to pay this claim, we shall institute legal proceedings and, pending court approval, may make such attachment of your property, bank account or wages, as shall be necessary to satisfy the judgment and execution which our client expects to obtain against you.

55. Under Massachusetts law, a pre-judgment attachment of wages is not a remedy which is available to a creditor who brings a civil collection action. Accordingly, the above-referenced language was unfair and deceptive in violation of G.L. c. 93A, section 2. Section 2 was also violated because: (a) under G.L. c. 93, section 49, a creditor is prohibited from making a threat which in the usual course of business it does not take; and (b) under 15 U.S.C. 1692e(5), it is unlawful for a debt collector to threaten to take any action which cannot legally be taken.

56. Defendants' misconduct as set forth herein was willful and knowing in nature.

57. On July 26, 2005, plaintiffs sent to each defendant via certified mail, return receipt requested, a demand for relief pursuant to G.L. c. 93A, section 9, which reasonably described the unlawful acts set forth herein. Said letters were received by defendants on July 27, 2005.

58. Neither defendant made a reasonable written tender of settlement within the thirty (30) day period specified by G.L. c. 93A, section 9.

59. Defendants' failure to make a reasonable written tender of settlement within 30 days of receipt of plaintiffs' demand was in bad faith with knowledge or reason to know that the acts and practices complained of violated G.L. c. 93A, section 2.

## Class Allegations

60. Plaintiff Kenneth Kemp brings this count of the complaint on behalf of himself and a class of persons similarly situated. Class members are all Massachusetts residents who were sent any dunning letter by defendants on a consumer debt within four (4) years of the filing of

11

this action, which letter was not returned to sender and contained the same or substantially similar language to that in Exhibit B indicating that a pre-judgment attachment of wages was an available remedy for the named creditor. Excluded from the class are current and former employees, agents, officers, and directors of defendants. On information and belief, defendants have a substantial consumer debt collection practice based in Massachusetts in which they use standard "form" collection letters. Accordingly, the class is sufficiently numerous such that joinder is impracticable.

61. There are questions of law and fact common to the class, which questions predominate over any individual questions. The primary common question is whether the language set forth in paragraph 49, above, is unfair and/or deceptive in violation of G.L. c. 93A, section 2.

62. Plaintiff is similarly situated to all class members, and his claim is typical of that of class members. Plaintiff was subjected to the same misconduct, and suffered the same harm, as all members.

58. Plaintiff will fairly and adequately represent and pursue the interests of class members. Plaintiff understands the nature of the claim, has no disqualifying conditions, and will vigorously represent the interests of the class. Plaintiff has selected counsel with substantial experience in consumer and class action litigation.

63. A class action is superior to other methods for the fair and efficient adjudication of this controversy, and there are no unusual or extraordinary factors which would render it unmanageable.

> WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendants, jointly and severally:
>
> A. enjoining them from stating, implying, or suggesting in any communication to a

    Massachusetts consumer debtor that a pre-judgment attachment of wages is an available remedy;

B. awarding plaintiff and class members $25.00 for each violation of G.L. c. 93A, section 2;

C. awarding plaintiff and class members costs and reasonable attorney's fees;

D. awarding such further relief as shall be just and proper.

### Jury Demand

Plaintiffs claim trial by jury on all claims and issues.

Respectfully submitted:
Plaintiffs

By their attorney:

/s/Kenneth D. Quat
BBO 408640
Law Office of Kenneth D. Quat
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848

13

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.

04-2946

PERFORMANCE CAPITAL MANAGEMENT, )
ASSIGNEE IN INTEREST FOR CHASE )
MANHATTAN BANK )
      Plaintiff )
)
)
VS. )   COMPLAINT
)
KENNETH KEMP AND )
CHRISTINE M. KEMP )
      Defendant )



1. The Plaintiff, Performance Capital Management, Inc, Assignees in Interest for Chase Manhattan Bank, is a duly organized corporation with its usual place of business at Anaheim, Orange County, California.

2. The Defendant, Kenneth Kemp, is an individual presently residing at 9 Elizabeth Road, Billerica, Middlesex County, Massachusetts 01821.

3. The Defendant, Christine M. Kemp, is an individual presently residing at 9 Elizabeth Road, Billerica, Middlesex County, Massachusetts 01821.

### COUNT I
### Monies Loaned

4. The Defendant, Kenneth Kemp, owes the Plaintiff the sum of $18,360.96 for balance due for monies loaned, together with interest thereon from November 17, 2003, on or before which date demand for payment was made.

   WHEREFORE, Plaintiff demands judgment against the Defendant, Kenneth Kemp, in the sum of $18,360.96.

### COUNT II
### Fraudulent Transfer

5. The Plaintiff hereby incorporates paragraphs 1 through 4.

6. On or before September 25, 2003, the Defendant Kenneth Kemp, executed a deed which was recorded at the Middlesex County Registry of Deeds on October 30, 2003.

7. Pursuant to the above referenced deed, the Defendant, Kenneth Kemp, transferred his interest in the real estate located at 9 Elizabeth Road, Billerica, Massachusetts to the Defendant Christine M. Kemp in return for consideration of $1.00. See Exhibit 1 attached.

8. At the time of the transfer, the Defendant, Kenneth Kemp, was insolvent as defined by the Massachusetts General Law, Chapter 109, Section 3.

9. The transfer was made without the Defendant, Kenneth Kemp, receiving a reasonable value in exchange for the real estate transferred.

10. The transfer constitutes a fraudulent transfer pursuant to Massachusetts General Law, Chapter 109, Section 5 and Section 6(a).

WHEREFORE, Plaintiff demands judgment against the Defendant Christine M. Kemp in the amount of $18,038.88 and requests the Court find the transfer of the real estate to be void.

Plaintiff,
By Its Attorney
GANICK, O'BRIEN & SARIN

By: _____
David A. Book, Esq.
BBO#: 63601 1
161 Granite Avenue
Dorchester, MA 02124
(617) 288-4050

Dated: July 8, 2004

**GANICK, O'BRIEN & SARIN**
Attorneys At Law
161 Granite Avenue
Dorchester, MA 02124
(617)288-4050

RE: Performance Capital Management, Inc.
BALANCE: $
Case No:  048413

Dear Mr. Kemp;

The above-entitled matter has been placed with our office for collection against you. The balance owed by you is long overdue, and payment is requested.

If there is any reason why you cannot send us your check or money order at this time, we feel it is your duty to contact us at once, so that we may set up a convenient payment schedule for you.

If you notify this office in writing within thirty (30) days that the debt, or any portion thereof, is disputed, we shall obtain verification of the debt or a copy of any judgment against you and will forward you a copy of such verification or judgment; unless within thirty (30) days after receipt of this letter you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid.

Therefore, unless we hear from you within 30 days of the date of this letter, or you make satisfactory arrangements to pay this claim, we shall institute legal proceedings and, pending court approval, may make such attachment of your property, bank account or wages, as shall be necessary to satisfy the judgment and execution which our client expects to obtain against you.

Please send your check or money order to this office made payable to the order of Performance Capital Management

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Very truly yours,

GANICK, O'BRIEN & SARIN

DAB/1

# GANICK, O'BRIEN & SARIN

ATTORNEYS AT LAW

161 GRANITE AVENUE
DORCHESTER, MASS. 02124
(617) 436-2794 • FAX (617) 436-8241

March 15, 2005

*VIA FACSIMILE and*
*FIRST CLASS MAIL*

Kenneth D. Quat, Esquire
9 Damonmill Square, Suite 4A-4
Concord, MA 01742

RE: Performance Capital Management, Inc., v. Kenneth Kemp and Christine Kemp
Middlesex Superior Court Docket No. 04-2946
Our File No. 48413

Dear Attorney Quat:

I am in receipt of your letter dated March 14, 2005. I am enclosing a copy of the Declaration of Samuel Pearson with accompanying documentation from our client, Performance Capital Management. Please note that I have only received said documentation on March 11, 2005. In addition, I have enclosed a copy of the original demand letter forwarded to Mr. Kemp on November 17, 2003, with an initial balance of $18,481.83. Our system does not produce duplicates for our file, but only has a record of the initial letter's date indicating the balance.

Please review said documents and contact my office. If, indeed, you are not willing to accept these documents under the original voluntary discovery agreement we had and you wish to enforce formal discovery, I am requesting until the end of this month to produce. I will also extend my discovery deadlines on the production of documents and the interrogatories previously forwarded and acknowledged as of February 11, 2005.

Please contact my office regarding this matter at your earliest convenience.

Very truly yours,

David A. Book

Enclosure

DAB:MR