## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
KENNETH KEMP,                                    )
On behalf of himself and all others              )
similarly situated,  and                         )
CHRISTINE KEMP,                                  )
                        Plaintiffs               )
                                                 )
v.                                               )          Civil No. 05-11516-GAO
                                                 )
GANICK, O'BRIEN & SARIN, Attorneys at Law,  )
LAWRENCE E. O'BRIEN, JR., d/b/a                  )
GANICK, O'BRIEN & SARIN, Attorneys at Law,  )
And DOES 1-5,                                    )
                        Defendants               )
_____

## AFFIDAVIT OF KENNETH D. QUAT, ESQUIRE, IN SUPPORT OF KENNETH KEMP'S MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Kenneth D. Quat, Esquire, hereby depose and state on oath:

1. My name is Kenneth D. Quat.  I make this affidavit on personal knowledge.

2.  I have been duly licensed to practice law in the Commonwealth of Massachusetts since 1980.  I have been a member of the bar of this Court since 1981, and am currently a member in good standing of all bars to which I have been admitted.  I have been counsel of record for plaintiffs since the commencement of the instant action.

3.  Attached to this affidavit are documents identified as Exhibits A – M.  I hereby certify that these exhibits consist of true and correct copies of the following documents:

> Exhibit A:  Initial demand letter sent to Kenneth Kemp by Ganick, O'Brien & Sarin;

> Exhibit B:  Page 15, Deposition of David A. Book, Esq.

> Exhibit C:  Pages 17-18, Deposition of Lawrence E. O'Brien, Jr., Esq.

Exhibit D:  Page 87, Deposition of Kenneth Kemp

Exhibit E:   Revised initial demand letter produced to plaintiff by defendants;

Exhibit F:  Page 10, Deposition of Lawrence E. O'Brien, Jr., Esq.

Exhibit G:  Chapter 93A demand letter to Ganick, O'Brien, & Sarin

Exhibit H:  Chapter 93A demand letter to Lawrence E. O'Brien, Jr. Esq.

Exhibit I:   Defendants' response to chapter 93A demand letters

Exhibit J:   Page 40, Deposition of Kevin J. McCaughey, Esq.

Exhibit K:  Response of Ganick, O'Brien & Sarin to plaintiff's request for admissions

Exhibit L:  Page 30, Deposition of Kevin J. McCaughey, Esq., and return receipts for
            chapter 93A demand letters.

Exhibit M:  Page 5, Deposition of Lawrence E. O'Brien, Jr., Esq.


Signed and sworn to under the pains and penalties of perjury.


                                        /s/ Kenneth D. Quat

**GANICK, O'BRIEN & SARIN**
Attorneys At Law
161 Granite Avenue
Dorchester, MA 02124
(617)288-4050

RE: Performance Capital Management ,Inc.
BALANCE:$
Case No:   048413

Dear Mr. Kemp;

The above-entitled matter has been placed with our office for
collection against you.  The balance owed by you is long overdue,
and payment is requested.

If there is any reason why you cannot send us your check or money
order at this time, we feel it is your duty to contact us at once
so that we may set up a convenient payment schedule for you.

If you notify this office in writing within thirty (30) days that
the debt, or any portion thereof, is disputed, we shall obtain
verification of the debt or a copy of any judgment against you
and will forward you a copy of such verification or judgment;
unless within thirty (30) days after receipt of this letter you
dispute the validity of the debt, or any portion thereof, the
debt will be assumed to be valid.

Therefore, unless we hear from you within 30 days of the date of
this letter, or you make satisfactory arrangements to pay this
claim, we shall institute legal proceedings and, pending court
approval, may make such attachment of your property, bank account
or wages, as shall be necessary to satisfy the judgment and
execution which our client expects to obtain against you.

Please send your check or money order to this office made payable
to the order of Performance Capital Management

This is an attempt to collect a debt.  Any information obtained will
be used for that purpose.

Very truly yours,

GANICK, O'BRIEN & SARIN

DAB/1

Page 15

1    A.   That I couldn't tell you.

2    Q.   In May of 2004, would you say you were

3    spending a substantial amount of your time on debt

4    collection matters?

5    A.   I probably was spending less time.  The

6    market, we were doing more closing work, so --

7    Q.   Say in 2004, approximately what percentage

8    of your time was on debt collection work?

9    A.   I would say a little less than half.

10    Q.   Do you happen to know what the law is in

11    Massachusetts regarding a creditor's ability to

12    obtain a Prejudgment Attachment of a debtor's wages?

13    Q.   Yes.

14    A.   As far as I am aware, you cannot do a

15    Prejudgment Attachment of a debtor's wages.

16    Q.   Have you ever, in your law practice in

17    Massachusetts, ever attempted on behalf of a

18    creditor to obtain a Prejudgment Attachment of

19    wages?

20    A.   No.

21    Q.   Do you know what steps a creditor does need

22    to go through in order to obtain any kind of an

23    attachment of a debtor's wages?

24    A.   That's a tricky question.

1        Q.   Is that also your opinion?

2        A.   It is.

3        Q.   And do you think that the language

4    pertaining to wage attachment could be interpreted

5    as a prejudgement attachment?

6                    MR. HOLLAND:   Objection.   You can

7    answer.

8        A.   I don't know how, but I suppose out there

9    anybody can interpret anything they want to.

10       Q.   Why can you not see how it could be

11   interpreted that way?

12       A.   Reading the letter, I just don't see it.

13            It certainly wasn't the intention when it

14   was drafted.   It's not the practice.   I mean, it

15   speaks for itself, "pending court approval."   The

16   language doesn't suggest that to me.

17       Q.   Is there anything in the letter that says

18   that a wage attachment would be limited to cases

19   that have already gone to judgement?

20       A.   Well, the letter speaks for itself.   That

21   language is not in the letter.

22       Q.   Do you know whether or not Massachusetts

23   law provides for a prejudgement attachment of wages?

24       A.   I don't know of any provision that allows

1   that.

2       Q.   Does Massachusetts law provide for a

3   prejudgement attachment for real estate?

4       A.   Yes.

5       Q.   Does Massachusetts law provide for a

6   prejudgement attachment of a bank account?

7       A.   Under certain circumstances, yes.

8               MR. QUAT:  I have no further

9   questions.   Thank you.

10              (Whereas, the deposition was

11  concluded at 2:11 p.m.)

12

13

14

15

16

17

18

19

20

21

22

23

24

Kenneth Kemp

87

1        Q.    Right.  And then you also told me you

2    didn't understand that they could attach your

3    house or your -- I didn't understand.

4        A.    Reading this, I was under the

5    impression that they were going to be able to

6    attach my house, my wages and bank accounts

7    prior to getting a judgment.

8        Q.    And is that the fourth paragraph down,

9    the one that begins "Therefore"?

10       A.    Correct.

11       Q.    And what part of that paragraph caused

12   you to believe that they could attach your

13   property or your wages or anything else before

14   they got a judgment against you?

15       A.    Just the whole way it was written.

16       Q.    What do you mean by that?

17       A.    Reading it now and when I read it

18   beforehand, looking at it, I'm not an attorney,

19   so the exact verbiage, I'm not sure what it

20   should say.  I was under the impression that

21   they could go after, you know, my house, my

22   wages, bank accounts and everything beforehand.

23       Q.    And what caused you to -- what

24   language in that paragraph caused you to believe

06/29/2006 12:40 FAX 16179510811          LynchBrewerHoffman&Fink                    ☑003/003

GAMICK, O'BRIEW & SARIN
Attorneys At Law
161 Granite Avenue
Dorchester, MA 02124
(617)288-4050

Test                    Debtor                    December 13, 2005



Dear Test          Debtor;

The above-entitled matter has been placed with our office for
collection against you.  The balance owed by you, according to
our client, is long overdue and payment is requested.

If there is any reason why you cannot send us your check or money
order at this time, we feel it is your duty to contact us
so that we may set up a convenient payment schedule for you.

If you notify this office in writing within thirty (30) days that
the debt, or any portion thereof, is disputed, we shall obtain
verification of the debt or a copy of any judgment against you
and will forward you a copy of such verification or judgment,
unless within thirty (30) days after receipt of this letter you
dispute the validity of the debt, or any portion thereof, the
debt will be assumed to be valid.

Therefore, unless we hear from you within 30 days of the date of
this letter, or you make satisfactory arrangements to pay this
claim, we shall institute legal proceedings and, pending court
approval, may make such attachment of your property as shall be
necessary to satisfy the judgment and execution, which our client
expects to obtain against you.

Please send your check or money order to this office made payable
to the order of

This is an attempt to collect a debt.  Any information obtained will
be used for that purpose.

Very truly yours,

GAMICK, O'BRIEN & SARIN

CAK/?

1    changed, depending on a lot of different factors.

2          I certainly would have and did have some

3    input to it.

4          Q.  Is the Ganick standard initial demand

5    letter the same today as it was in November of 2003,

6    to your knowledge?

7          A.  No.

8          Q.  Can you tell me what has changed?

9          A.  As a result of this lawsuit brought by your

10   office, I changed, I believe, the wording in

11   Paragraph 4.

12         I think we eliminated any references --

13   this is off the top of my head.  I don't have any of

14   them with me -- we eliminated any reference to bank

15   accounts, wages, and property.

16         And I believe it just says something to the

17   effect of pending court approval -- well, I don't

18   want to guess, but that's where the change was made.

19               MR. QUAT:  I would like to ask for

20   a copy of that.  I acknowledge that it may not be

21   admissible, but I think I'm entitled to it.

22               MR. HOLLAND:  I will respond to

23   that.  I have to think about that, but I'll let you

24   know in a day or two.

# KENNETH D. QUAT

*Attorney at Law*
9 Damonmill Square, Suite 4A-4
Concord MA 01742

_____

Phone:  978-369-0848                                                    ken@quatlaw.com
Fax:  978-371-2296

July 26, 2005

CERTIFIED MAIL –
RETURN RECEIPT REQUESTED
No. 70050390000429009824

Ganick, O'Brien & Sarin, Attorneys at Law
161 Granite Ave.
Dorchester MA 02124

>       RE:  **Kenneth and Christine Kemp**  – Demand for Settlement Pursuant to
>       G.L. c.  93A, Section 9, Individually and on Behalf of Persons Similarly
>       Situated

Dear Sir/Madam:

        This office represents Kenneth and Christine Kemp with respect to claims they have against Ganick, O'Brien & Sarin ("GOS") pursuant to section 9 of General Laws Chapter 93A, the Massachusetts Consumer Protection Act.  This letter constitutes a demand for relief pursuant to said statute.  Demand is made on behalf of the Kemps individually with respect to certain conduct, and on behalf of all other persons similarly situated with respect to other conduct.

## Demand on Behalf of Kenneth and Christine Kemp Individually

        On or about July 23, 2004, GOS filed suit in the Middlesex Superior Court against the Kemps on behalf of Performance Capital Management, Inc. ("PCM").  The complaint alleged that Mr. Kemp was indebted to PCM on a defaulted credit card account which PCM had acquired.  It further alleged that Mr. Kemp had transferred real estate located at 9 Elizabeth Road, Billerica, to Christine while he was insolvent and without receiving a reasonable value in exchange for the transfer, thus rendering the transfer fraudulent as to creditors.  On the basis of these allegations concerning the property transfer, the complaint requested that the transfer be declared void and that Christine Kemp be held liable for the debt.  A true copy of the Superior Court complaint is appended hereto as Exhibit A.

        The Kemps' position is that at the time of filing the above-referenced lawsuit, GOS did not have a reasonable or good faith basis to support the claim that Kenneth had

Ganick, O'Brien & Sarin, Attorneys at Law
July 26, 2005
Page 2

fraudulently transferred the Billerica property to Christine. Moreover, they contend that said claim was brought wholly or in part in order to coerce payment on the alleged debt. Thus, they allege that GOS violated G.L. c. 93, section 49, which proscribes attempting to collect a consumer debt in an unfair, deceptive, or unreasonable manner, and thus violated G.L. c. 93A, section 2 as a matter of law. Moreover, since the misconduct had the natural consequence of harassing, oppressing, or in part abusing both Kenneth and Christine Kemp, it violated section 1692d of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692a *et seq.* It also constituted a false and deceptive means of collecting the debt in violation of section 1692e of the FDCPA, and an unfair and/or unconscionable means of attempting to collect a debt in violation of section 1692f of the FDCPA. Your firm is a "debt collector" under FDCPA because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and under Massachusetts law an act or practice is considered unfair and/or deceptive in violation of G.L. c. 93A, section 2, if it violates a federal statute designed to protect consumers. 940 CMR 3.16. The FDCPA is such a statute.

The complaint filed by GOS was also unlawful because it alleged that the amount due and owing by Mr. Kemp as of November 17, 2003, was $18,360.96. However, according to records produced by GOS, the true balance as of that date was $17,744.92. In addition, in the original demand letter to Mr. Kemp dated November 17, 2003, GOS indicated the total balance due to be $18,481.83. Thus, the complaint misrepresented "the character, extent or amount of the debt" as prohibited by section 1692e(2)(A) of the FDCPA, thereby violating section 2 of chapter 93A. It is also the Kemps' position that this conduct violated section 2 because 940 CMR 7.07(2) makes unlawful any knowing misrepresentation concerning the character, extent, or amount of a debt.

As a result of the above-described conduct, the Kemps suffered emotional distress, mental anguish, and monetary loss in the nature of legal fees. Their demand for relief under section 9 of chapter 93A is payment of the sum of $10,000 (ten thousand dollars).

### Demand on Behalf of Kenneth Kemp Individually and Others Similarly Situated

On or about November 17, 2003, GOS sent Kenneth Kemp a demand letter seeking payment of the sum of $18,481.83 on the debt allegedly owed to PCM. A true copy of said letter is appended hereto as Exhibit B. A true copy of a letter from Attorney David A. Book of GOS, which letter purports to explain some of the missing language in Exhibit B, is attached as Exhibit C.

It is Mr. Kemp's position that the November 17, 2003 letter (Exhibit B) was unfair and deceptive in violation of G.L. c. 93A, section 2 in the following respects:

Ganick, O'Brien & Sarin, Attorneys at Law
July 26, 2005
Page 3

(a)  A reasonable reading of the letter is that in the event GOS instituted legal proceedings to collect the alleged debt to PCM, it might seek a pre-judgment attachment of Mr. Kemp's wages.  However, such a remedy is not available under Massachusetts law.    On its face, therefore, this misrepresentation was unfair and deceptive in violation of section 2.   Moreover, G.L. c. 93, section 49 provides that the making of a threat "of any action which the creditor in the usual course of business does not in fact take" is deemed to violate section 2.  Section 2 was also violated because section 1692e(5) of the FDCPA declares unlawful "[t]he threat to take any action that cannot legally be taken."

(b)  The letter stated a balance due of $18,481.83 as of November 17, 2003.  Based on our review of the records, it appears that this balance included sums in the nature of collection costs and/or attorney's fees, yet the letter does not so indicate. Your firm's aggregation of collection costs and/or legal fees in the total balance due, without any indication that they were so included, constituted a misrepresentation of "the character, extent or amount of the debt" as prohibited by section 1692e(2)(A) of the FDCPA and G.L. c. 93A, section 2.  It is also our position that this conduct violated 940 CMR 7.07(2) and G.L. c. 93A, section 2 because it was a knowing misrepresentation concerning the character, extent, or amount of the debt.

(c)  The letter is on GOS's letterhead, purports to be signed by GOS, and contains what appears to be an attorney's initials at the lower-left corner, thus implying that an attorney had reviewed Mr. Kemps' file and exercised his/her professional judgment in sending the letter. However, the letter is clearly a form letter and, on information and belief, no such review had been made or judgment exercised.  The letter misrepresents that it is from an attorney and is therefore deceptive in violation of 15 U.S.C. 1692e(3) and G.L. c. 93A, section 2.

Demand for relief pursuant to Section 9 of G.L. c. 93A is made on behalf of Kenneth Kemp and a class of persons similarly situated.   The class consists of all Massachusetts residents who were sent any collection letter by GOS on a consumer debt within the past four (4) years, which letter was not returned to sender and: (i) contained the same or substantially similar language to that in Exhibit B indicating or implying that a pre-judgment attachment of wages might be sought or could be obtained in the event suit was filed on the debt; and/or (ii) stated a balance due which included any collection costs or attorney's fees without specifying that said costs or fees were so included; and/or (iii) was a form letter which misrepresented that it was from an attorney:   Excluded from the class are current and former employees, agents, officers, and directors of GOS.  The demand for relief is payment to each class member of $25.00 for each letter sent which contained one or more violations of law as set forth herein, plus agreement to refrain from engaging in said unlawful conduct in the future.

Ganick, O'Brien & Sarin, Attorneys at Law
July 26, 2005
Page 4

With respect to both categories of claims asserted herein, G.L. c. 93A, section 9 provides that GOS may make a reasonable written tender of settlement within thirty (30) days from receipt of this letter. Should GOS fail to make a reasonable and timely written tender of settlement with respect to one or more of the above claims, and it is established in court that the alleged misconduct violated G.L. c. 93A, section 2, plaintiffs (and members of any certified classes) will be entitled to recover their actual damages or $25.00 per violation, whichever is greater, plus their costs and reasonable attorney's fees. In the event it is established further that the alleged misconduct was willful or knowing in nature, or that your failure to make a reasonable tender of settlement was in bad faith with knowledge or reason to know that the alleged misconduct violated G.L. c. 93A, section 2, the court must award at least two, but no more than three, times the actual damages or $25.00 per violation, whichever is greater, plus costs and reasonable attorney's fees.

I look forward to hearing from you or your attorney within thirty (30) days.

Very sincerely,

Kenneth D. Quat

Cc: Kenneth and Christine Kemp

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.



PERFORMANCE CAPITAL MANAGEMENT,      )      04-2946
ASSIGNEE IN INTEREST FOR CHASE       )
MANHATTAN BANK                       )
            Plaintiff                )
                                     )
                                     )
VS.                                  )       COMPLAINT
                                     )
KENNETH KEMP AND                     )
CHRISTINE M. KEMP                    )
            Defendant                )

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY

JUL 23 2004

CLERK

07/23/04 12:42#0000 9715 CLERK
                            CIVIL        2
                            SURCHARGE
                            SECC
                                   20
                            SUMMONS
                            042946 #
                            SECC        2
                            TOTAL  285.
                            CHECK        2

1.    The Plaintiff, Performance Capital Management, Inc, Assignee
      in Interest for Chase Manhattan Bank, is a duly organized
      corporation with its usual place of business at Anaheim,
      Orange County, California.

2.    The Defendant, Kenneth Kemp, is an individual presently
      residing at 9 Elizabeth Road, Billerica, Middlesex County,
      Massachusetts 01821.

3.    The Defendant, Christine M. Kemp, is an individual presently
      residing at 9 Elizabeth Road, Billerica, Middlesex County,
      Massachusetts 01821.

### COUNT I
### Monies Loaned

4.    The Defendant, Kenneth Kemp, owes the Plaintiff the sum of
      $18,360.96 for balance due for monies loaned, together with
      interest thereon from November 17, 2003, on or before which
      date demand for payment was made.

      WHEREFORE, Plaintiff demands judgment against the Defendant,
Kenneth Kemp, in the sum of $18,360.96.

### COUNT II
### Fraudulent Transfer

5.    The Plaintiff hereby incorporates paragraphs 1 through 4.

6.    On or before September 25, 2003, the Defendant Kenneth Kemp,
      executed a deed which was recorded at the Middlesex County
      Registry of Deeds on October 30, 2003.

7.  Pursuant to the above referenced deed, the Defendant, Kenneth
    Kemp, transferred his interest in the real estate located at
    9 Elizabeth Road, Billerica, Massachusetts to the Defendant
    Christine M. Kemp in return for consideration of $1.00.  See
    Exhibit 1 attached.

8.  At the time of the transfer, the Defendant, Kenneth Kemp, was
    insolvent as defined by the Massachusetts General Law, Chapter
    109, Section 3.

9.  The transfer was made without the Defendant, Kenneth Kemp,
    receiving a reasonable value in exchange for the real estate
    transferred.

10. The transfer constitutes a fraudulent transfer pursuant to
    Massachusetts General Law, Chapter 109, Section 5 and Section
    6(a).

    WHEREFORE, Plaintiff demands judgment against the Defendant
Christine M. Kemp in the amount of $18,038.88 and requests the
Court find the transfer of the real estate to be void.

                                    Plaintiff,
                                    By Its Attorney
                                    GANICK, O'BRIEN & SARIN


                         By: _____
                                    David A. Book, Esq.
                                    BBO#:  636011
                                    161 Granite Avenue
                                    Dorchester, MA 02124
                                    (617) 288-4050

Dated:  July 8, 2004

# EXHIBIT B

GANICK, O'BRIEN & SARIN
Attorneys At Law
161 Granite Avenue
Dorchester, MA 02124
(617)288-4050

RE: Performance Capital Management ,Inc.
BALANCE:$
Case No:  048413

Dear Mr. Kemp;

The above-entitled matter has been placed with our office for collection against you.  The balance owed by you is long overdue, and payment is requested.

If there is any reason why you cannot send us your check or money order at this time, we feel it is your duty to contact us at once, so that we may set up a convenient payment schedule for you.

If you notify this office in writing within thirty (30) days that the debt, or any portion thereof, is disputed, we shall obtain verification of the debt or a copy of any judgment against you and will forward you a copy of such verification or judgment; unless within thirty (30) days after receipt of this letter you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid.

Therefore, unless we hear from you within 30 days of the date of this letter, or you make satisfactory arrangements to pay this claim, we shall institute legal proceedings and, pending court approval, may make such attachment of your property, bank account or wages, as shall be necessary to satisfy the judgment and execution which our client expects to obtain against you.

Please send your check or money order to this office made payable to the order of Performance Capital Management

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.

Very truly yours,

GANICK, O'BRIEN & SARIN

DAB/1

**EXHIBIT C**

# GANICK, O'BRIEN & SARIN

ATTORNEYS AT LAW

161 GRANITE AVENUE
DORCHESTER, MASS. 02124
(617) 436-2794 • FAX (617) 436-8241

March 15, 2005

*VIA FACSIMILE and*
*FIRST CLASS MAIL*

Kenneth D. Quat, Esquire
9 Damonmill Square, Suite 4A-4
Concord, MA 01742

RE:   Performance Capital Management, Inc., v. Kenneth Kemp and Christine Kemp
Middlesex Superior Court Docket No. 04-2946
Our File No. 48413

Dear Attorney Quat:

I am in receipt of your letter dated March 14, 2005. I am enclosing a copy of the Declaration of
Samuel Pearson with accompanying documentation from our client, Performance Capital
Management. Please note that I have only received said documentation on March 11, 2005. In
addition, I have enclosed a copy of the original demand letter forwarded to Mr. Kemp on
November 17, 2003, with an initial balance of $18,481.83. Our system does not produce
duplicates for our file, but only has a record of the initial letter's date indicating the balance.

Please review said documents and contact my office. If, indeed, you are not willing to accept
these documents under the original voluntary discovery agreement we had and you wish to
enforce formal discovery, I am requesting until the end of this month to produce. I will also
extend my discovery deadlines on the production of documents and the interrogatories previously
forwarded and acknowledged as of February 11, 2005.

Please contact my office regarding this matter at your earliest convenience.

Very truly yours,

David A. Book

Enclosure

DAB:MR

# KENNETH D. QUAT
*Attorney at Law*
9 Damonmill Square, Suite 4A-4
Concord MA 01742

———————————

Phone: 978-369-0848
Fax: 978-371-2296

ken@quatlaw.com

July 26, 2005

**CERTIFIED MAIL –**
**RETURN RECEIPT REQUESTED**
**No. 70050390000429009817**

Lawrence E. O'Brien, Jr., Esquire
D/b/a Ganick, O'Brien & Sarin, Attorneys at Law
161 Granite Ave.
Dorchester MA 02124

> **RE:  Kenneth and Christine Kemp  – Demand for Settlement Pursuant to**
> **G.L. c.  93A, Section 9, Individually and on Behalf of Persons Similarly**
> **Situated**

Dear Mr. O'Brien:

This office represents Kenneth and Christine Kemp with respect to claims they have against you pursuant to section 9 of General Laws Chapter 93A, the Massachusetts Consumer Protection Act.  This letter constitutes a demand for relief pursuant to said statute.  Demand is made on behalf of the Kemps individually with respect to certain conduct, and on behalf of all other persons similarly situated with respect to other conduct.

**Demand on Behalf of Kenneth and Christine Kemp Individually**

On or about July 23, 2004, your law firm – Ganick, O'Brien & Sarin ("GOS") - filed suit in the Middlesex Superior Court against the Kemps on behalf of Performance Capital Management, Inc. ("PCM").  The suit alleged that Mr. Kemp was indebted to PCM on a defaulted credit card account which PCM had acquired.  It further alleged that Mr. Kemp had transferred real estate located at 9 Elizabeth Road, Billerica, to Christine while he was insolvent and without receiving a reasonable value in exchange for the transfer, thus rendering the transfer fraudulent as to creditors. On the basis of these allegations concerning the property transfer, the complaint requested that the transfer be declared void and that Christine Kemp be held liable for the debt.  A true copy of the Superior Court complaint is appended hereto as Exhibit A.

Lawrence E. O'Brien, Jr., Esquire
July 26, 2005
Page 2

The Kemps' position is that at the time of filing the above-referenced lawsuit, GOS did not have a reasonable or good faith basis to support the claim that Kenneth had fraudulently transferred the Billerica property to Christine. Moreover, they contend that said claim was made wholly or in part in order to coerce payment on the alleged debt. This misconduct constituted a violation of G.L. c. 93, section 49, which proscribes attempting to collect a consumer debt in an unfair, deceptive, or unreasonable manner, thus violating G.L. c. 93A, section 2 as a matter of law. Moreover, since this conduct had the natural consequence of harassing, oppressing, or abusing Kenneth and Christine Kemp, it violated section 1692d of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692a *et seq.* It also constituted a false and deceptive means of collecting the debt in violation of section 1692e of the FDCPA, and an unfair and/or unconscionable means of attempting to collect a debt in violation of section 1692f of the FDCPA. GOS is a "debt collector" under FDCPA because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and under Massachusetts law an act or practice is considered unfair and/or deceptive in violation of G.L. c. 93A, section 2, if it violates a federal statute designed to protect consumers. 940 CMR 3.16. The FDCPA is such a statute.

The complaint filed by GOS was also unlawful because it alleged that the amount due and owing by Mr. Kemp as of November 17, 2003, was $18,360.96. However, according to records produced by GOS, the true balance as of that date was $17,744.92. In addition, in the original demand letter to Mr. Kemp dated November 17, 2003, GOS indicated the total balance due to be $18,481.83. Thus, the complaint constituted a misrepresentation of "the character, extent or amount of the debt" as prohibited by section 1692e(2)(A) of the FDCPA, thereby violating section 2 of chapter 93A. It is also the Kemps' position that this conduct violated section 2 because 940 CMR 7.07(2) makes unlawful any knowing misrepresentation concerning the character, extent, or amount of a debt.

As a result of the above-described conduct, the Kemps suffered emotional distress, mental anguish, and monetary loss in the nature of legal fees. Since it appears that at all relevant times you were the owner of GOS, you are liable to them for GOS's unlawful conduct. The Kemps' demand for relief under section 9 of chapter 93A is payment of the sum of $10,000 (ten thousand dollars).

## Demand on Behalf of Kenneth Kemp Individually and Others Similarly Situated

On or about November 17, 2003, GOS sent Kenneth Kemp a demand letter seeking payment of the sum of $18,481.83 on the debt allegedly owed to PCM. A true copy of said letter is appended hereto as Exhibit B. A true copy of a letter from Attorney David A. Book

Lawrence E. O'Brien, Jr., Esquire
July 26, 2005
Page 3

of GOS, which letter purports to explain some of the missing language in Exhibit B, is attached as Exhibit C.

It is Mr. Kemp's position that the November 17, 2003 letter was unfair and deceptive in violation of G.L. c. 93A, section 2 in the following respects:

(a) A reasonable reading of the letter is that in the event GOS instituted legal proceedings to collect the alleged debt to PCM, it might seek a pre-judgment attachment of Mr. Kemp's wages. However, such a remedy is not available under Massachusetts law. On its face, therefore, this misrepresentation was unfair and deceptive in violation of section 2. Moreover, G.L. c. 93, section 49 provides that the making of a threat "of any action which the creditor in the usual course of business does not in fact take" is deemed to violate section 2. Section 2 was also violated because section 1692e(5) of the FDCPA declares unlawful "[t]he threat to take any action that cannot legally be taken."

(b) The letter stated a balance due of $18,481.83 as of November 17, 2003. Based on our review of the records, it appears that this balance included sums in the nature of collection costs and/or attorney's fees, yet the letter does not so indicate. GOS's aggregation of collection costs and/or legal fees in the total balance due, without any indication that they were so included, constituted a misrepresentation of "the character, extent or amount of the debt" as prohibited by section 1692e(2)(A) of the FDCPA. It is also the Kemps' position that this conduct violated 940 CMR 7.07(2) because it was a knowing misrepresentation concerning the character, extent, or amount of the debt. Such misconduct is unfair and/or deceptive as a matter of law in violation of G.L. c. 93A, section 2.

(c) The letter is on GOS's letterhead, purports to be signed by GOS, and contains what appears to be an attorney's initials at the lower-left corner, thus implying that an attorney had reviewed Mr. Kemps' file and exercised his/her professional judgment in sending the letter. However, the letter is clearly a form letter and, on information and belief, no such review had been made or judgment exercised. The letter misrepresents that it is from an attorney and is therefore deceptive in violation of 15 U.S.C. 1692e(3) and G.L. c. 93A, section 2.

Mr. Kemp contends that you are liable for the above-described misconduct since it appears that at all relevant times you were the owner and/or president of GOS, and/or were directly involved in formulating and implementing the policies and/or practices complained of.

Demand for relief pursuant to Section 9 of G.L. c. 93A is made on behalf of Kenneth Kemp and a class of persons similarly situated. The class consists of all

Lawrence E. O'Brien, Jr., Esquire
July 26, 2005
Page 4

Massachusetts residents who were sent any collection letter by GOS on a consumer debt within the past four (4) years, which letter was not returned to sender and: (i) contained the same or substantially similar language to that in Exhibit B indicating or implying that a pre-judgment attachment of wages might be sought or could be obtained in the event suit was filed on the debt; and/or (ii) stated a balance due which included any collection costs or attorney's fees without specifying that said costs or fees were so included; and/or (iii) was a form letter which misrepresented that it was from an attorney:   Excluded from the class are current and former employees, agents, officers, and directors of GOS.  The demand for relief is payment to each class member of $25.00 for each letter sent which contained one or more of the violations of law as set forth herein, plus agreement to refrain from engaging in said unlawful conduct in the future.

With respect to both categories of claims asserted herein, G.L. c. 93A, section 9 provides that you may make a reasonable written tender of settlement within thirty (30) days from receipt of this letter.  Should you fail to make a reasonable and timely written tender of settlement with respect to one or more of the above claims, and it is established in court that your conduct violated G.L. c. 93A, section 2, plaintiffs (and members of any certified classes) will be entitled to recover their actual damages or $25.00 per violation, whichever is greater, plus their costs and reasonable attorney's fees.  In the event it is established further that the alleged misconduct was willful or knowing in nature, or that your failure to make a reasonable tender of settlement was in bad faith with knowledge or reason to know that the alleged misconduct violated G.L. c. 93A, section 2, the court must award at least two, but no more than three, times the actual damages or $25.00 per violation, whichever is greater, plus costs and reasonable attorney's fees.

I look forward to hearing from you or your attorney within thirty (30) days.

Very sincerely

Kenneth D. Quat

Cc:  Kenneth and Christine Kemp

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.

01-2946



PERFORMANCE CAPITAL MANAGEMENT,
ASSIGNEE IN INTEREST FOR CHASE
MANHATTAN BANK
       Plaintiff

)
)
)
)

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY

JUL 23 2004

VS.

KENNETH KEMP AND
CHRISTINE M. KEMP
       Defendant

)
)
)
)

COMPLAINT

07/23/04  12:42#0000 9715 CLERK
                CIVIL    2.
              SURCHARGE
              SECC
                    2@
              SUMMONS
              SECH    3.
              TOTAL 285.
              CHECK    2

1.    The Plaintiff, Performance Capital Management, Inc, Assignee in Interest for Chase Manhattan Bank, is a duly organized corporation with its usual place of business at Anaheim, Orange County, California.

2.    The Defendant, Kenneth Kemp, is an individual presently residing at 9 Elizabeth Road, Billerica, Middlesex County, Massachusetts 01821.

3.    The Defendant, Christine M. Kemp, is an individual presently residing at 9 Elizabeth Road, Billerica, Middlesex County, Massachusetts 01821.

### COUNT I
#### Monies Loaned

4.    The Defendant, Kenneth Kemp, owes the Plaintiff the sum of $18,360.96 for balance due for monies loaned, together with interest thereon from November 17, 2003, on or before which date demand for payment was made.

    WHEREFORE, Plaintiff demands judgment against the Defendant, Kenneth Kemp, in the sum of $18,360.96.

### COUNT II
#### Fraudulent Transfer

5.    The Plaintiff hereby incorporates paragraphs 1 through 4.

6.    On or before September 25, 2003, the Defendant Kenneth Kemp, executed a deed which was recorded at the Middlesex County Registry of Deeds on October 30, 2003.

7.  Pursuant to the above referenced deed, the Defendant, Kenneth Kemp, transferred his interest in the real estate located at 9 Elizabeth Road, Billerica, Massachusetts to the Defendant Christine M. Kemp in return for consideration of $1.00.  See Exhibit 1 attached.

8.  At the time of the transfer, the Defendant, Kenneth Kemp, was insolvent as defined by the Massachusetts General Law, Chapter 109, Section 3.

9.  The transfer was made without the Defendant, Kenneth Kemp, receiving a reasonable value in exchange for the real estate transferred.

10. The transfer constitutes a fraudulent transfer pursuant to Massachusetts General Law, Chapter 109, Section 5 and Section 6(a).

WHEREFORE, Plaintiff demands judgment against the Defendant Christine M. Kemp in the amount of $18,038.88 and requests the Court find the transfer of the real estate to be void.

                                    Plaintiff,
                                    By Its Attorney
                                    GANICK, O'BRIEN & SARIN


                          By: _____
                               David A. Book, Esq.
                               BBO#:  636011
                               161 Granite Avenue
                               Dorchester, MA 02124
                               (617) 288-4050

Dated:  July 8, 2004

**EXHIBIT B**

GANICK, O'BRIEN & SARIN
Attorneys At Law
161 Granite Avenue
Dorchester, MA 02124
(617)288-4050

RE: Performance Capital Management ,Inc.
BALANCE:$
Case No:  048413

Dear Mr. Kemp;

The above-entitled matter has been placed with our office for collection against you.  The balance owed by you is long overdue, and payment is requested.

If there is any reason why you cannot send us your check or money order at this time, we feel it is your duty to contact us at once so that we may set up a convenient payment schedule for you.

If you notify this office in writing within thirty (30) days that the debt, or any portion thereof, is disputed, we shall obtain verification of the debt or a copy of any judgment against you and will forward you a copy of such verification or judgment; unless within thirty (30) days after receipt of this letter you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid.

Therefore, unless we hear from you within 30 days of the date of this letter, or you make satisfactory arrangements to pay this claim, we shall institute legal proceedings and, pending court approval, may make such attachment of your property, bank account or wages, as shall be necessary to satisfy the judgment and execution which our client expects to obtain against you.

Please send your check or money order to this office made payable to the order of Performance Capital Management

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.

Very truly yours,

GANICK, O'BRIEN & SARIN

DAB/1

# EXHIBIT C

03/15/2005  14:34   6174368241          GANICK OBRIEN SARIN               PAGE  02/13

# GANICK, O'BRIEN & SARIN

### ATTORNEYS AT LAW

161 GRANITE AVENUE
DORCHESTER, MASS. 02124
(617) 436-2794 • FAX (617) 436-8241

March 15, 2005

*VIA FACSIMILE and*
*FIRST CLASS MAIL*

Kenneth D. Quat, Esquire
9 Damonmill Square, Suite 4A-4
Concord, MA  01742

RE:    Performance Capital Management, Inc., v. Kenneth Kemp and Christine Kemp
       Middlesex Superior Court Docket No. 04-2946
       Our File No. 48413

Dear Attorney Quat:

I am in receipt of your letter dated March 14, 2005.  I am enclosing a copy of the Declaration of
Samuel Pearson with accompanying documentation from our client, Performance Capital
Management.  Please note that I have only received said documentation on March 11, 2005.  In
addition, I have enclosed a copy of the original demand letter forwarded to Mr. Kemp on
November 17, 2003, with an initial balance of $18,481.83.  Our system does not produce
duplicates for our file, but only has a record of the initial letter's date indicating the balance.

Please review said documents and contact my office.  If, indeed, you are not willing to accept
these documents under the original voluntary discovery agreement we had and you wish to
enforce formal discovery, I am requesting until the end of this month to produce.  I will also
extend my discovery deadlines on the production of documents and the interrogatories previously
forwarded and acknowledged as of February 11, 2005.

Please contact my office regarding this matter at your earliest convenience.

                                        Very truly yours,

                                        David A. Book

Enclosure

DAB:MR

# GANICK, O'BRIEN & SARIN

### ATTORNEYS AT LAW

161 GRANITE AVENUE
DORCHESTER, MASS. 02124
(617) 436-2794 • FAX (617) 436-8241

August 2, 2005

*Via FIRST CLASS and*
*CERTIFIED MAIL*

Kenneth D. Quat, Esquire
9 Damonmill Square, Suite 4A-4
Concord, MA  01742

RE:    Kenneth and Christine Kemp

Dear Attorney Quat:

Please be advised that I am in receipt of your letter dated July 26, 2005, which purports to be a demand letter pursuant to Massachusetts General Law, Chapter 93A. As best I can understand your letter, you appear to be alleging two causes of action against this office on behalf of your clients. First, you claim that the filing of the Complaint against Kenneth and Christine Kemp on July 23, 2004, in Middlesex Superior Court gives rise to cause of action pursuant to Massachusetts General Laws, Chapter 93, Section 49, and, thereby, Chapter 93A, as well as creating a cause of damage under the Federal Fair Debt Collection Practices Act. Secondly, you appear to be alleging that the forwarding of a letter dated November 17, 2003, to Kenneth Kemp gives rise to cause of action for the same state statutory provisions and the Federal Fair Debt Collection Practices Act. If you had taken the time to review the actual law on these matters, I believe you would be aware that both of your claims are incorrect.

As to the filing of the Complaint on July 23, 2004, I would point out that more than a year has passed since this event, and, therefore, no suit can be brought for violation of the Federal Fair Debt Collection Practices Act because that statute specifically limits jurisdictions to courts for any action brought within one year from the date of any alleged violation. (See 15 U.S. Code 1692k(d)). As to your claim for violation of state statute, I call your attention to the absolute privilege, which attaches to statements made by attorneys involved litigation or preliminary to litigation (see Jane Doe and Another v. Nutter, McLennan & Fish, 668 NE2d 1329, Mass. App. Ct. 1996). Even if you did have a basis for bringing the claim as alleged in your letter, I would point out that your letter does not deny any of the factual allegations contained in the Complaint. Therefore, I do not understand how you can be complaining that Ganick, O'Brien & Sarin did not have a reasonable or good faith basis to support the claim.

As to your claim that the letter dated November 17, 2003, constituted a violation of the Federal Fair Debt Collection Practices Act, I would refer you to the same statutory limitation addressed

August 2, 2005
Page 2

in the previous paragraph. As this letter was forwarded preliminary to litigation, the privilege under state law as described above, also attaches. Finally, I would simply point out that the letter, on its face, is in no way unfair or deceptive, as the language is clear and accurate.

If you proceed with legal action, as threatened in your letter, please be advised that this office will vigorously defend against same and will pursue you and your client for the cost of that defense.

Very truly yours,

Kevin J. McCaughey

KJM:MR

1      A.    It means pending court approval, there may

2   be an attachment of property, including wages,

3   necessary to satisfy the judgement.

4      Q.    What does the paragraph say about when such

5   an attachment may or may not be made?

6      A.    It says "the attachment will be made as

7   necessary to satisfy the judgement."

8          So I interpret that to mean following the

9   entry of the judgement, in order to satisfy that

10  judgement, pending court approval, there may be

11  attachment of wages.

12     Q.    Have you been the attorney of record from

13  time to time in collection lawsuits against consumer

14  debtors?

15     A.    Yes.

16     Q.    Have you, as attorney of record for a

17  creditor in those cases, have you ever attempted to

18  obtain a prejudgement attachment of real estate?

19     A.    Yes.

20     Q.    And is that something that's permitted,

21  again, with court approval, in Massachusetts law?

22     A.    I've obtained them, so my assumption is it

23  is allowable.

24     Q.    In your capacity as an attorney working for

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KENNETH KEMP,
On behalf of himself and all others similarly
situated, and
CHRISTINE KEMP,

                          Plaintiffs,

v.                                                              CIVIL ACTION NO. 05-11516-GAO

GANICK, O'BRIEN & SARIN, Attorneys at
Law, LAWRENCE E. O'BRIEN, JR., d/b/a
GANICK, O'BRIEN & SARIN, Attorneys at
Law, and DOES 1-5,

                          Defendants.

**DEFENDANT GANICK, O'BRIEN & SARIN'S RESPONSE TO
PLAINTIFF KENNETH KEMP'S FIRST REQUEST FOR ADMISSIONS**

Pursuant to Fed. R. Civ. P. 36, Defendant, Ganick, O'Brien & Sarin, hereby responds to

Plaintiff, Kenneth Kemp's First Request for Admissions as follows:

Request No. 1

Reference is made to the document attached to this Request as Exhibit A.  Admit that

during the time period July 10, 2001 – July 9, 2005, your law firm sent letters to 2,452 consumer

debtors residing in the Commonwealth of Massachusetts which were not returned to sender and

which contained the following language:

> Therefore, unless we hear from you within 30 days of the date of this letter, or
> your make satisfactory arrangements to pay this claim, we shall institute legal
> proceedings and, pending court approval, may make such attachment of your
> property, bank account or wages, as shall be necessary to satisfy the judgment
> and execution which our client expects to obtain against you.

Response No. 1

      Admitted.

      SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _24th_ DAY OF
MAY, 2006.

240353_1

30

1    letters.

2        Q.  Looking at Exhibit 4, which I'll represent

3    to you contains copies of return receipts --

4                 (Witness views Exhibit No. 4.)

5        -- and directing your attention to the

6    right-hand side of the receipts, do you know who

7    "M. Belanger" might be?

8        A.  Yes.

9        Q.  Who is that?

10        A.  I believe that is Maureen Belanger,

11    B-E-L-A-N-G-E-R.

12        Q.  In July of 2004, was she an employee of the

13    Ganick firm?

14        A.  Yes.

15        Q.  Is she still employed by the Ganick firm?

16        A.  Yes.

17        Q.  What is her job at the present time?

18        A.  She's a nonlawyer support person.

19        Q.  Are you familiar with her signature?

20        A.  I've seen it before, yes.

21        Q.  Do the two signatures that appear on these

22    receipts appear to be hers?

23        A.  As far as I know.

24        Q.  After Attorney O'Brien asked you to review

**SENDER: COMPLETE THIS SECTION**

- ☞ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Lawrence E. O'Brien Jr.
d/b/a Ganick O'Brien + Sarin
161 Granite Ave.
Dorchester MA 02124

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X M. Belanger     ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery
M. Belanger     7-27-07

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)     7005 0390 0004 2900 9817

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ganick O'Brien + Sarin
161 Granite Ave.
Dorchester MA
        02124

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X M. Belanger     ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery
M. Belanger     7-21-07

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☒ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)     7005 0390 0004 2900 9824

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540



EXHIBIT
6/14/06

1    myself since 19 -- I think December of '76; not

2    always under the name of Ganick, O'Brien & Sarin.

3    The name of the firm has changed over the years

4    several times.

5         Q.   How long has it been Ganick, O'Brien &

6    Sarin?

7         A.   Maybe since 1989.

8         Q.   Who is Ganick?

9         A.   Erwin Ganick is deceased, retired.  I had

10   acquired his practice back in -- sometime in the

11   '80s, merged it into mine.

12        Q.   What is Sarin?

13        A.   Well, Sarin is retired.  I did the same

14   thing with his practice.

15        Q.   So is it fair to say that Ganick, O'Brien &

16   Sarin is essentially a sole proprietorship that

17   operates with a law firm name?

18        A.   Yes.  It's a d/b/a.

19        Q.   What kind of legal work do you personally

20   do?

21        A.   I describe it as a general practice:

22   Litigation, real estate conveyancing, representing

23   lenders, buyers, sellers.  I do wills, divorces --

24   well, family law -- trusts, corporate work.  Just