UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH KEMP, )<br>On behalf of himself and all others )<br>similarly situated, and )<br>CHRISTINE KEMP, )<br>               Plaintiffs )<br>)<br>v.                                            )<br>)<br>GANICK, O'BRIEN & SARIN, Attorneys at Law, )<br>LAWRENCE E. O'BRIEN, JR., d/b/a )<br>GANICK, O'BRIEN & SARIN, Attorneys at Law, )<br>And DOES 1-5, )<br>               Defendants ) | Civil No. 05-11516-GAO |

## PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1

Pursuant to Local Rule 56.1, plaintiff Kenneth Kemp states that the following material facts relevant to his motion for partial summary judgment are undisputed:

1. At all times relevant to this action, defendant Lawrence E. O'Brien, Jr., has been the owner of the law firm known as Ganick, O'Brien & Sarin ("GOS"), which he operates as a sole proprietorship. Second Amended Complaint ("SAC"), ¶3; Answer to Second Amended Complaint ("Answer"), ¶3; O'Brien Depo, p. 5 (Quat Aff., Ex. M)

2. At all times relevant to this action, GOS was engaged in trade or commerce within the meaning of G.L. c. 93A, section 2. SAC, ¶2; Answer, ¶2;

3. GOS is engaged in the business of collecting debts in Massachusetts. SAC, ¶2; Answer, ¶2.

4. In the 4-year period preceding the filing of this action, GOS sent initial demand letters to 2,452 consumer debtors which were not returned to sender. Defendant's Response to Request for Admissions (Quat Aff., Ex. K).

5. GOS sent a demand letter dated November 17, 2003 to plaintiff Kenneth Kemp in collection with a debt allegedly owed to an entity known as Performance Capital Management, Inc. SAC, ¶40; Answer, ¶40.

6. The alleged debt to Performance Capital Management, Inc. was incurred by Kenneth Kemp primarily for personal, family, or household purposes. Kemp Aff., ¶3.

7. The demand letter contained the following language:

> Therefore, unless we hear from you within 30 days of the date of this letter, or you make satisfactory arrangements to pay this claim, we shall institute legal proceedings and, pending court approval, may make such attachment of your property, bank account or wages, as shall be necessary to satisfy the judgment and execution which our client expects to obtain against you.

Quat Aff., Ex. A.

8. At all times relevant to this action, a pre-judgment attachment of wages was not available as a remedy to creditors under Massachusetts law. G.L. c. 246, §32; Book Depo, p. 15 (Quat Aff., Ex. B); O'Brien Depo, p. 10 (Quat Aff., Ex. C).

9. Shortly after being served with this lawsuit, GOS revised its standard demand letter to omit any reference to the possibility of a wage attachment. Quat Aff., Ex. E; O'Brien Depo, p. 10 (Quat Aff., Ex. F).

10. On July 26, 2005, demand letters pursuant to G.L. c. 93A, §9 were sent to GOS and Lawrence E. O'Brien, Jr., on behalf of plaintiff. Quat Aff., Exs. G, H.

11. The demand letters were received by said defendants on July 27, 2005. Quat Aff.,

2

Ex. L.

12. Defendants responded to said letters in a letter dated August 2, 2005 signed by Attorney Kevin J. McCaughey.  Quat Aff., Ex. I.

/s/Kenneth D. Quat
Attorney for Plaintiffs
BBO 408640
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
ken@quatlaw.com
