UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KENNETH KEMP, )
On behalf of himself and all others )
similarly situated, and )
CHRISTINE KEMP, )
             Plaintiffs )
                                     )
v.                                     )   Civil No. 05-11516-GAO
                                     )
GANICK, O'BRIEN & SARIN, Attorneys at Law, )
LAWRENCE E. O'BRIEN, JR., d/b/a )
GANICK, O'BRIEN & SARIN, Attorneys at Law, )
And DOES 1-5, )
             Defendants )

**PLAINTIFF KENNETH KEMP'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**
**(Oral Argument Requested)**

Plaintiff Kenneth Kemp submits this reply memorandum of law in support of his motion for partial summary judgment on Count VIII of the Second Amended Complaint.

### Introduction

In their opposition memorandum, defendants do not contest a number of material facts and conclusions of law: (i) that Massachusetts law does not permit a creditor to obtain a pre-judgment attachment of wages in a collection suit; (ii) that if the November 17, 2003 letter to plaintiff was deceptive, then plaintiff suffered an injury within the meaning of section 9; and (iii) that plaintiff's demand letter of July 26, 2005 complied with the requirements of section 9. *See* Def.Opp.

**Argument**

I. **DEFENDANT'S OPPOSITION CONFIRMS THAT THE NOVEMBER 17, 2003 LETTER WAS DECEPTIVE AS A MATTER OF LAW.**

In their opposition, defendants have failed to present any facts, authorities, or arguments sufficient to create a genuine issue as to the deceptiveness of the November 17, 2003 letter. Indeed, to the contrary, a close reading of their memorandum reveals that, in fact, it actually *supports* plaintiff's position. The following excerpt is illustrative:

> When the whole paragraph is considered the only reasonable reading of the letter is that: (1) GOS would institute legal proceedings unless the recipient took one of the steps indicated; (2) GOS expected that it would obtain a judgment and execution in any such action; and (3) *if GOS obtained a judgment and execution*, it would seek to satisfy the judgment by attaching the recipient's property, bank account and wages, as necessary.

Def.Opp., 6. (emphases added). The problem for defendants, as should be obvious, is that – unlike the above – the letter simply does not contain language which even suggests that the possibility of a wage attachment was limited to post-judgment proceedings. To the contrary, the letter states simply that GOS could seek a wage attachment "as shall be necessary to satisfy the judgment and execution which our client expects to obtain against you," i.e., in the future. Defendants' interpretation requires a fundamental re-writing of the letter, as they implicitly acknowledge.[1]

Defendants' fanciful reading of the letter eventually collapses in the face of reality. Further along in their opposition, they assert: "Here, there is only one reasonable

---

[1] Still another version of the letter which would not be unlawfully deceptive was set forth in plaintiff's opening memorandum at page 11.

2

interpretation – that GOS would seek an attachment as necessary to satisfy the judgment it expected to obtain." Def.Opp., 6.  This language mirrors that of the letter itself almost exactly, and means *not* that an attachment could be sought to satisfy a judgment *once it has been obtained,* but rather a judgment which defendants *expected to obtain,* i.e., one which might eventually enter (if defendants' expectations prove to be correct).  Faced with the realization that the letter means exactly what it says, defendants have become ensnared in their own net.  In sum, it simply cannot be denied that, at a minimum, the letter creates "[an] overall misleading impression" and is therefore deceptive as a matter of law.  *Aspinall v. Philip Morris Cos., Inc.,* 442 Mass. 381, 395 (1994).[2]

## II. THE "LITIGATION PRIVILEGE" DOCTRINE HAS BEEN WAIVED AND IS IN ANY EVENT INAPPLICABLE.

Defendants' argument that the "litigation privilege" immunizes them from liability under Count VIII is utterly without foundation.

As a threshold matter, it must be noted that "litigation privilege" is an affirmative defense subject to the pleading requirements of Rules 8(c) and 12(b).  *Arista Records v. Mp3Board, Inc.,* 2002 WL 1997918 *16 (S.D.N.Y., Aug. 29, 2002).  As such, it "must be asserted in the first responsive pleading or [is] waived."  *Reyes v. Supervisor of Drug Enf. Ad.,* 834 F.2d 1093, 1096 (1st 'Cir. 1987).   An affirmative defense which has not been

---

[2] Although plaintiff believes firmly that defendant's letter violates chapter 93A because it is deceptive to a reasonable person, in order to prevail plaintiff need only show that it is deceptive to "the least sophisticated consumer."  This is he standard mandated by the FDCPA - *Pettway v. Harmon Law Offices,* 2005 WL 2365331 *3 (D. Mass., Sept. 27, 2005); *Martin v. Sands,* 62 F.Supp.2d 196, 199-200 (D. Mass. 1999) – and, as shown, an FDCPA violation constitutes a *per se* violation of chapter 93A.  940 CMR 3.16(4).   The "least sophisticated consumer" standard "is lower than simply examining whether particular language would deceive or mislead a reasonable consumer."  *Swanson v. Southern Oregon Credit Service, Inc.,* 869 F.2d 1222, 1227 (9th Cir. 1988).  As such, it reflects that the FDCPA's protections were intended but "for the public – that vast multitude which includes the ignorant, the unthinking, and the credulous."  *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1173 (11th Cir. 1985)(citations omitted).  And, the law is clear that – as the letter at issue here - a communication is unlawfully deceptive to the least sophisticated consumer where 'it can be reasonably read to have two or more different meanings, one of which is inaccurate."  *Brown v. Card Service Center,* ___ F.3d ___, 2006 WL 2788476 (3rd Cir., Sept. 29, 2006), quoting *Wilson v. Quadramed Corp.,* 225 F.2d 3500, 354 (3rd Cir. 2004).

3

properly raIsed should not be considered for the first time on summary judgment.  *See Giese v. Pierce Chemical Co.,* 43 F.Supp.2d 98, 113 (D.Mass. 1999).

Even though defendants have waived this defense, it should nonetheless be understood that the litigation privilege does not apply here.  The privilege derives from section 586 of the Restatement of Torts, which posits that allegedly false or defamatory statements made in connection with pending or contemplated judicial proceedings are entitled to protection, so as not to discourage participation and candor.  *See Sribert v. Raymond,* 370 Mass. 105, 108-109 (adopting section 586 as the public policy of the Commonwealth).  While it has been applied to a variety of claims based on such statements,[3] the present case stands on a very different footing given the specific rights and remedies created by chapter 93A.  *See Slaney v. Westwood Auto, Inc.,* 366 Mass. 688, 693 (1975)(recognizing that chapter 93A "is a statute of broad impact which creates new substantive rights and provides new procedural devices for the enforcement of those rights"); *Neitlich v. Amica Mut. Ins. Co.,* 7 Mass.App.Ct. 661, 664 (1979)(noting the "broad remedial provisions" of chapter 93A).  Cases are legion holding that the litigation privilege does not bar statutory claims such as those available under chapter 93A.  *See, e.g., Blevins v. Hudson & Keyse, Inc.*, 395 F.Supp.2d 655 (S.D.Ohio, 2004)(FDCPA claim against attorney not protected by litigation privilege); *Irwin v. Mascott,* 112 F.Supp.2d. 937, 962-963 (N.D.Cal. 2000) (same); *Martinez v. California,* 444 U.S. 277, 284 n. 8 (1980)(state law immunity not a defense to civil rights claim under 42 U.S.C. §1983); *Nix v. O'Malley,* 160 F.3d 343 (6th Cir. 1998)(attorneys not immune from civil

---

[3] *See, e.g., Frazier v. Bailey,* 957 F.2d 920, 932 (1st Cir. 1992)(physician held immune from claims of negligence, intentional infliction of emotional distress, and civil rights violations based on statements made during divorce and criminal proceedings).

4

liability under the federal wiretap statute and similar state law).  Here, where defendant's liability under chapter 93A is based, *inter alia,* on FDCPA violations as well as on violations of a state debt collection statute which specifically applies to attorney conduct,[4] the litigation privilege clearly has no place.  Furthermore, an entire sub-chapter of debt collection regulations promulgated by the Massachusetts Attorney General pursuant to G.L. c. 93A, §2(c), applies specifically to attorneys.[5]   In sum, defendant's position is wholly without merit, and acceptance of it would - with respect to debt collection practices in the Commonwealth - "transmute a basic guarantee into an illusory promise."  *Manjivar v. Trophy Properties IV DE, LLC,* 2006 WL 2884396 *15 (N.D. Cal., Oct. 10, 2006), quoting *Kimes v. Stone,* 84 F.3d 1121, 1127 (9th Cir. 1996).

## Conclusion

For all the above reasons, as well as those set forth in plaintiff's opening memorandum of law, Kenneth Kemp's motion for partial summary judgment should be granted.

/s/Kenneth D. Quat
Attorney for Plaintiffs
BBO 408640
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848

---

[4] *See* G.L. c. 93, §49 ("No one who is a creditor or an attorney for a creditor . . . shall collect or attempt to collect such debt in an unfair, deceptive or unreasonable manner.").

[5] The sub-chapter in question is 940 CMR 7.01 *et seq.,* issued "to establish standards, by defining unfair or deceptive acts or practices, for the collection of debts from persons with the Commonwealth of Massachusetts."  The specific regulations which follow all pertain to the conduct of  "creditors," defined as "any person and his agents, servants, employees *or attorneys* engaged in collecting a debt owed or alleged to be owed . . ." 940 CMR 7.03 (emphases added)