UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **KENNETH KEMP,**<br>**On behalf of himself and all others**<br>**similarly situated, and**<br>**CHRISTINE KEMP,**<br>     **Plaintiffs**<br><br>v.<br><br>**GANICK, O'BRIEN & SARIN, Attorneys at Law,**<br>**LAWRENCE E. O'BRIEN, JR., d/b/a**<br>**GANICK, O'BRIEN & SARIN, Attorneys at Law,**<br>**And DOES 1-5,**<br>     **Defendants** | Civil No. 05-11516-GAO |

## JOINT PRETRIAL MEMORANDUM

**I. Summary of the Evidence**

   **A. Plaintiffs**

Plaintiffs expect the evidence to show that in July, 2004, a company named Performance Capital Management hired the Ganick law firm to collect monies allegedly owed by Kenneth Kemp on a Chase Manhattan credit card account. On behalf of PCM, defendant law firm filed a lawsuit in Middlesex Superior Court against Kenneth Kemp. Included in the complaint was a claim that Kenneth Kemp had fraudulently conveyed to his wife, Christine Kemp, real estate located at 9 Elizabeth Road, Billerica, Massachusetts. Specifically, the complaint alleged that the transfer was made while Kenneth Kemp was insolvent, as defined by Massachusetts law, and that it was made without Kenneth Kemp receiving reasonable value in exchange for the transfer. It concluded that the transfer violated G.L. c. 109, sections

5 and 6(a), requested that it be declared void, and requested that judgment also enter against Christine Kemp for the amount of the alleged debt.

Plaintiffs will introduce evidence that Kenneth Kemp was not insolvent at the time of the real estate transfer.  In addition, there will be evidence that at the time of asserting the fraudulent transfer claim, defendant law firm: (i) did not undertake an analysis to determine if Kenneth Kemp's debts exceeded his assets; (ii) relied in part on a credit report of Mr. Kemp's from August, 2003; and (iii) had no current information regarding whether Mr. Kemp was paying his debts as they became due other than the alleged delinquency to PCM.

Plaintiffs contend that the evidence will support a finding that defendant law firm's assertion of the fraudulent transfer claim constituted an unfair and/or unconscionable means of attempting to collect a debt, in violation of 15 U.S.C. 1692f; constituted conduct the natural consequence was to harass, oppress, or abuse plaintiffs in connection with the collection of the debt, in violation of 15 U.S.C. 1692d; and constituted the use of false and deceptive means in connection with the attempted collection of the debt, in violation of 15 U.S.C. 1692e.

There will be evidence that plaintiffs suffered emotional distress and mental anguish upon learning that they had been accused of engaging in a fraudulent transfer of real estate. Plaintiffs seek actual damages, statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. 1692k.

**B. Defendants.**

Defendants Ganick, O'Brien & Sarin and Lawrence E. O'Brien, Jr., d/b/a Ganick, O'Brien & Sarin (collectively, "GOS") expect that the evidence will show that GOS had a good faith basis for asserting a fraudulent transfer claim against the defendants, and that any error by GOS in concluding that there was a good faith basis for the fraudulent transfer claim

was a bona fide mistake, was unintentional and occurred even though GOS follows procedures reasonably adapted to avoid such an error. The evidence will show that GOS was retained in November 2003 by Performance Capital Management ("PCM"), as assignee in interest for Chase Manhattan Bank, to collect a credit card debt of over $9,000, plus interest, owed by Kemp. In the course of investigating the claim, GOS learned that on September 25, 2003, Kemp had transferred his interest in 9 Elizabeth Road, Billerica to his wife, Christine Kemp, for one dollar. Kemp and his wife previously had owned the property as tenants by the entirety.

Under Massachusetts law, a conveyance is fraudulent if the person transferring the property is insolvent at the time of the transfer or is rendered insolvent as a result of the transfer. Mass. G.L. c. 109A, §6. Further, a person is presumed insolvent under Massachusetts law if he generally is not paying his debts as they become due. Mass. G.L. c. 109A, §3. The evidence will show that before asserting the fraudulent conveyance claim, GOS reviewed a credit report on Kenneth Kemp and a town assessor's report and title search on 9 Elizabeth Road. Those reports showed that when Kemp conveyed his interest in 9 Elizabeth Road to his wife for one dollar, the property was assessed for tax purposes at $245,900. The reports also showed that at the time of the transfer, Kemp was in default on three credit card accounts, including the one GOS had been retained to collect, totaling approximately $28,000 and in addition appeared to have substantial mortgage debt.

The evidence further will show that GOS's standard practice is that in any collection case in which GOS intends to assert a fraudulent conveyance claim or any other claim than a claim to collect the debt, the file must be reviewed by Lawrence E. O'Brien, the managing partner of GOS. Mr. O'Brien has been a practicing attorney in Massachusetts for thirty years

3

and has extensive experience in consumer debt collection.  GOS's standard practice was followed in this case.

**II.  Stipulated Facts.**

1. Ganick, O'Brien & Sarin ("GOS") is a law firm that maintains a principal place of business in Massachusetts.

2. Lawrence E. O'Brien, Jr. is the owner of GOS.

3. A regular part of GOS's law practice is collecting or attempting to collect debts for its clients.

4. GOS was retained by Performance Capital Management, Inc. ("PCM"), as assignee in interest for Chase Manhattan Bank ("Chase") to collect a credit card debt allegedly owed by Kenneth Kemp.

5. On September 25, 2003, Kenneth Kemp signed a deed conveying his undivided one-half interest in real property located at 9 Elizabeth Road in Billerica to his wife, Christine Kemp.  The deed stated that the consideration for the conveyance was "nominal consideration paid (U.S. $1.00)."

6. On September 25, 2003, Christine Kemp obtained a line of credit on the Elizabeth Road property with a limit of $200,000.

7. On October 6, 2003, Christine Kemp obtained an additional line of credit on the Elizabeth Road property with a limit of $55,000.

8. On December 23, 2003, Christine Kemp obtained a first mortgage loan on the Elizabeth Road property in the amount of $256,000, the proceeds of which were used to pay off the September 25 and October 6, 2003 credit lines.

9.   On July 23, 2004, GOS filed suit in Massachusetts Superior Court against Kenneth and Christine Kemp on behalf of Performance Capital Management, Inc.  The lawsuit alleged that Kenneth Kemp was liable to PCM for monies owed on a credit card account previously held by Chase Manhattan Bank.  It also alleged that Kenneth Kemp had fraudulently transferred the Elizabeth Road property to Christine Kemp within the meaning of Mass. G.L. c. 109 and that Christine Kemp was therefore also liable to PCM for the alleged credit card debt.

10.   The credit card debt which GOS attempted to collect from Kenneth Kemp and Christine Kemp was incurred primarily for personal, family, or household purposes.

11.   The grounds set forth in GOS's complaint for alleging that the transfer was fraudulent was that Kenneth Kemp was insolvent at the time of transfer within the meaning of Mass. G.L. c. 109 and had not received a reasonable value in exchange for the property transferred.

12.   In preparing the Superior Court complaint, GOS reviewed a credit report on Kenneth Kemp dated August 14, 2003.

13.   In preparing the Superior Court complaint, GOS reviewed information on the 9 Elizabeth Road property that it received from the Billerica assessor's office in February 2004.

14.   In preparing the Superior Court complaint, GOS reviewed a title search on the 9 Elizabeth Road property that it received in March, 2004.

15.   In September 2004, Christine Kemp sold the property located at 9 Elizabeth Road in Billerica for $323,500.

**III. Contested Issues of Fact**

1. Whether on September 25, 2003 Kenneth Kemp was insolvent as defined by Massachusetts law because his debts exceeded his assets.

2. Whether on September 25, 2003 Kenneth Kemp was insolvent as defined by Massachusetts law because he was generally not paying his debts as they became due.

3. Whether it was unfair or unconscionable for defendants to allege in the Superior Court complaint that under Massachusetts law Kenneth Kemp was insolvent as of September 25, 2003 and had fraudulently transferred his interest in the Elizabeth Road property?

4. Whether it was false or deceptive for defendants to allege in the Superior Court complaint that under Massachusetts law Kenneth Kemp was insolvent as of September 25, 2003 and had fraudulently transferred his interest in the Elizabeth Road property?

5. Whether defendants' allegation in the Superior Court complaint that under Massachusetts law Kenneth Kemp was insolvent as of September 25, 2003 and had fraudulently transferred his interest in the Elizabeth Road property constituted conduct the natural consequence of which was to harass, oppress, or abuse plaintiffs.

6. Whether Kenneth Kemp received reasonable value in exchange for the transfer of his interest in the Elizabeth Road property to Christine Kemp.

**IV. Jurisdictional Questions**

None known.

## V. Questions Raised by Pending Motions

No motions are pending at the present time. However, plaintiff expects to file a motion in limine prior to the pre-trial conference. Defendants also expect to file a motion in limine prior to the pre-trial conference.

## VI. Issues of Law and Evidentiary Questions.

1. Whether defendants may raise the "bona fide error" defense where it was not asserted as an affirmative defense in defendants' answers to the original complaint, first amended complaint, or second amended complaint.

Plaintiffs' supporting authority: *Berndt v. Fairfield Resorts, Inc.,* 337 F.Supp.2d 1120, 1133 (W.D.Wis. 2004); *Shapiro v. Haenn,* 222 F.Supp.2d 29, 42 (D.Me. 2002); *Shula v. Lawent,* 2002 WL 31870157 *11 (N.D.Ill. Dec. 23, 2002).

Defendants' supporting authority: *Williams v. Ashland Eng'g Co.*, 45 F.3d 588, 593 (1st Cir. 1995) (holding that the failure to plead an affirmative defense may be waived where the plaintiff clearly anticipates that the issue will be litigated and is not unfairly prejudiced when the defendant raises it); *Shapiro v. Haenn*, 222 F. Supp. 2d 29, 43 (D. Me. 2002) (granting the defendant's motion for summary judgment based on the bona fide error defense even though defendant did not plead it as an affirmative defense).

2. Whether the "bona fide error" defense applies to the judgment of attorneys in determining causes of action to be asserted against consumer debtors in collection actions.

Plaintiffs' supporting authority: *In re Maxwell,* 281 B.R. 101, 118 (D. Mass. 2002), quoting *Smith v. Transworld Systems, Inc.,* 953 F.2d 1025, 1034 (6th Cir. 1992) and *Baker v. G.C. Services Corp.,* 677 F.2d 775, 779 (9th Cir. 1982). *See,* also, *Picht v. Jon R. Hawks, Ltd.,*

7

236 F.3d 446 (8th Cir. 2001)(rejecting application of bona fide defense to errors in legal judgment);

Defendants' supporting authority: *Johnson v. Riddle*, 305 F.3d 1107, 1121-22 (10th Cir. 2002) (holding that the bona fide error defense extends to errors of law and describing the recent trend toward that position); *Shapiro v. Haenn*, 222 F. Supp. 2d 29, 43 (D. Me. 2002) (applying the bona fide error defense to an error in legal judgment).

3. Whether, if the "bona fide error" defense is applicable to the misconduct alleged in this case, the procedure which defendants assert was followed to reasonably avoid the error was of the kind sufficient to support the defense as a matter of law.

Plaintiff's supporting authority: *Brzezinski v Vital Recovery Servs., Inc.,* 2006 WL 1982501 (E.D. Wis., July 12, 2006).

**VII. Requested Amendments to the Pleadings.**

Plaintiffs: None.

Defendants request leave to amend their answer to assert bona fide error as a defense to counts III, IV and V of plaintiffs' Second Amended Complaint.

**VIII. Additional Matters to Aid in Disposition of the Action.**

None known.

**IX. Probable Length of Trial.**

Counsels' best estimate is that the trial will take 2 days.

**X. Witnesses.**

### A. Plaintiff

Kenneth Kemp and Christine Kemp, 31 Hattie Lane, Billerica MA. 978-852-2963 (cell).

David A. Book, Esq., Ganick O'Brien & Sarin, 161 Granite Avenue, Dorchester MA. 617-288-4050.

8

### B. Defendants

Lawrence E. O'Brien, Esq., Ganick, O'Brien & Sarin, 161 Granite Avenue, Dorchester, MA 02124, (617) 288-4050.

Kevin J. McCaughey, Esq., Ganick, O'Brien & Sarin, 161 Granite Avenue, Dorchester, MA 02124, (617) 288-4050

.   David A. Book, Esq., Ganick, O'Brien & Sarin, 161 Granite Avenue, Dorchester, MA 02124, (617) 288-4050

Kenneth Kemp and Christine Kemp, 31 Hattie Lane, Billerica, MA

Victoria Farrell, Esq., Title Examiner, 6 Main Street, Groveland, MA 01834

## XI. Exhibits.

### A. Agreed

1. Superior Court complaint.
2. September 25, 2003 deed.
3. September 25, 2003 credit line agreement.
4. September 25, 2003 mortgage.
5. October 6, 2003 credit line agreement
6. October 6, 2003 mortgage.
7. December 23, 2003 mortgage.
8. Kenneth Kemp credit report, August 14, 2003.
9. Elizabeth Road deed, October 26, 2004.

### B. Plaintiff - Contested

1. Deed for purchase of 31 Hattie Lane, Billerica.
2. Response to plaintiff's request for admissions.

9

    **B. Defendants - Contested**

1. March 30, 1993 Mortgage from Kenneth Kemp and Christine Coveney to Lexington Savings Bank.

2. December 16, 2003 letter from GOS to Billerica Assessor's Office, with assessor's handwritten response.

3. February 24, 2004 letter from Kevin J. McCaughey to Victoria Farrell.

4. Law Office of Victoria A. Farrell, P.C. March 4, 2004 Report.

5. GOS file notes.

**XII. Positions on Remaining Objections to Evidence.**

    **A. Plaintiffs**

Plaintiffs object to portions of defendants' exhibits as irrelevant and/or inadmissible hearsay.

Plaintiffs intend to object to any testimony of defendants' witnesses which bears on or relates to the issue of "bona fide error." It is plaintiffs' position that said defense has been waived and is in any event inapplicable to the kind of conduct at issue in this case, i.e., the decision to allege a fraudulent transfer claim in a state court collection suit.

    **B. Defendants**

Defendants object to plaintiffs' proposed Ex. 1 as irrelevant. Ex. 1 is the deed for plaintiffs' purchase of 31 Hattie Lane, a property that has no connection to this action.

                                                     Plaintiffs, by:

                                                     */s/Kenneth D. Quat*
                                                     BBO 408640
                                                     Quat Law Offices
                                                     9 Damonmill Square, Suite 4A-4
                                                     Concord MA 01742
                                                     978-369-0848

Defendants, by:

/s/ J. Allen Holland, Jr.
BBO 546892
*/s/ Anne Robbins*
BBO 561968
Lynch Brewer Hoffman & Fink, LLP
101 Federal St., 22nd Floor
Boston MA 02110-1800
617-951-0800